Case 61—PETITION EQUITY—March 8.

## Rawlings, &c., v. McRoberts, &c.

APPEAL FROM FLEMING CIRCUIT COURT.

1. THE FACT THAT A WRITING IS IN THE FORM OF A DEED IS PERSUASIVE THAT A DEED AND NOT A WILL WAS INTENDED, but it is not conclusive, and if it appears that no interest was intended to vest until after the death of the person named as grantor the writing will, notwithstanding its form, be held to be a will.

2. A WRITING IN FORM A DEED by which the person named as "party of the first part" undertook to dispose of all his estate, specifically describing the lands, and providing that "this conveyance to be put to record, but not to take effect so as to give possession until after my death," is held to be a deed and not a will, although the grantor recites as a reason for executing the instrument that he is "a bachelor, now advanced in years, has numerous kinspeople, and in view of the uncertainty of life desires to make a distribution of his estate, to go into effect on and after death." The fact that the writing is to be put to record shows that the title is to vest at once, only the distribution and possession being postponed until the grantor's death.

W. G. DEARING, JOHN P. McCARTNEY, JOHN S. POWER, WM. H. HOLT and EDWARD W. HINES for appellants.

1. Whether a writing is a deed or a will depends upon the intention of the maker to be gathered from the instrument as a whole. (Simon v. Wildt, 84 Ky., 183; Phillips, &c., v. Thomas Lumber Co., 94 Ky.; Habersham v. Vincent, 2 Ves. Jr., 231.)

2. The various provisions of the instrument in question here show that neither the title nor the possession was to vest until the maker's death, and therefore that a will and not a deed was intended. (Turner v. Scott, 51 Pa. St., 126; Leaver v. Gauss, 62 Iowa; Hazelton v. Reed, 32 Cent. L. J., 516; Sperger v. Balster, 66 Ga., 317; Carleton v. Cameron, 38 Am. Rep., 20; Crawford v. McElroy, 2 Spear, 225;

Rawlings, &c., v. McRoberts, &c.

Sheppard v. Nolans, 6 Ala., 631; Ragsdale v. Booker, 2 Bail., 590; Johnson v. Yancy, 65 Am. Dec., 646; Wilburn v. Weaver, 63 Am Dec., 242; Bench v. Nik, 50 Ark., 86; White v. Hopkins, 9 Ga., 480; Knott's Adm'r v. Hogan, 4 Met., 101; Stevenson v. Huddleson, 13 B. M., 306; Cunningham v. Davis, 62 Miss., 366; Gillham v. Mustin, 42 Ala., 365; 1 Jarman on Wills, 17; 1 Redfield on Wills, 169-70, note 21.)

WM. J. HENDRICK for appellees.

The instrument in question is a deed and not a will. (Phillips v. Thomas Lumber Co., 94 Ky.; Reynolds v. McFarland, 10 Ky. Law Rep., 932.)

WM. G. BULLITT on same side.

1. Technical rules are not followed in construing deeds under the statute of this State. (Davis v. Hardin, 80 Ky., 672.)
2. The intention of the maker, as gathered from the instrument as a whole, must determine whether a deed or a will was intended. (Mayo v. Snead, 78 Ky., 634.)
3. The reservation of a use or interest for life in the estate granted, creates a life estate in the grantor. (1 Washburn on Real Property, 88.)
4. In case of the reservation of an interest in the estate granted, the title to the whole estate passes to the grantee upon the execution of the deed of conveyance, and the interests so reserved must be a new estate carved out of the estate conveyed, such as a rent or annuity or a life estate. (2 Washburn on Real Property, 692-694.)
5. Where both realty and personalty are given by deed, such a deed is properly recordable under the Kentucky statute. And when a gift is evidenced by deed duly recorded, a change of possession is not necessary. (3 Litt., 278.)

JUDGE HAZELRIGG delivered the opinion of the court.

The sole question to be determined on this appeal is whether the following instrument is a deed or a will:

"This deed of conveyance made and entered into this 6th day of April, 1891, by and between Austin Rawlings, of Fleming County, Ky., of the first part, and Thomas R. McRoberts, William McRoberts, John McRoberts, James McRoberts and George McRoberts, of Fleming County, Ky., of the second part, witnesseth: That whereas Austin Rawlings, a bachelor now advanced in years, has numerous kinspeople; and whereas, in view of the uncer-

tainty of life, said Rawlings desires to make a distribution
of his estate to take effect, however, and to go into effect
on and after death.   Now, in consideration of one dollar
cash in hand paid, the receipt whereof is hereby acknowl-
edged, the said Austin Rawlings has this day aliened,
sold and conveyed unto the said George McRoberts, a
great nephew, all my right, title and interest in and to
all that tract or parcel of land bought by said Rawlings
of James Rice, and which land is situated in Fleming
County, Kentucky, on the waters of Locust Creek, and
the same is bounded . . . supposed to contain about one
hundred and fifty acres, to him, his heirs and assigns for-
ever, with covenants of general warranty to have posses-
sion at my death.   This is understood to pay George
McRoberts for the kindness, care and nursing rendered
me, and which may be necessary hereafter while I may
live.   The said Austin Rawlings has also this day aliened,
sold and conveyed jointly to Thomas McRoberts, James
McRoberts, William McRoberts, and John McRoberts all
his right, title and interest in and to all the residue of his
said land of which he is now seized, consisting of about
. . . acres, the same being situated in Fleming County,
Kentucky, and is described as follows, to-wit:  (Giving
metes and bounds of several tracts.)  All of the foregoing
tracts and parcels of land, the said Austin Rawlings for
and in consideration of love and affection, and as recited
heretofore, he hereby aliens, sells and conveys unto the
said parties of the first part, namely, Thomas McRoberts,
John McRoberts, James McRoberts, and William McRob-
erts, their heirs and assigns forever, with covenants of
general warranty.   This conveyance to put to record,
but not to take effect so as to give possession until after

my death, at which time they are to divide the same as they see fit and proper. It being the intention of said party of the first part to make each and all of the parties of the second part equal as near as possible, who are my nephews (sons of my deceased sister, whom I have raised). Said party of the first part further conveys and stipulates that at his death whatever money, notes or personal property remains, is to be divided equally between said last-named four nephews, each accounting for sums advanced, not taking into consideration rents, which are not to be taken against them after paying at my death fifty dollars to Elizabeth McRoberts, wife of George McRoberts, for kindness and attention to me while living. To have and to hold unto the said George McRoberts, Thomas R. McRoberts, James McRoberts, John McRoberts, his heirs and assigns forever. In testimony whereof the party of the first part has hereunto subscribed his name, day and year first above written.

"<em>Signed:</em>          A. RAWLINGS.

"<em>Attest:</em>     JAMES McCREARY."

This instrument was signed and acknowledged by the grantor before James McCreary, the clerk of the Fleming County Court, who had also witnessed the signature of the grantor, and it was thereupon recorded in that office.

The contention of the appellants, who were the plaintiffs below, is that, although the document is couched in the form of a deed, and has the usual words of conveyance, yet it is, in fact, a testamentary disposition of the property described, and hence a will. They sue for the land sought to be conveyed to the appellees, because the writing as a will is not effective through lack of proper attestation under the statute. It is, of course, true that

the form of the instrument is not conclusive of the intention of the maker of it, nevertheless, if the writing have all the requisites of a deed, it is a fact throwing strong light on the intention.

Here we have grantor and grantee and the ordinary words operative of conveyance; we have the thing granted, the consideration expressed, the execution, including signing, attestation and acknowledgment, delivery, acceptance and registration.

As Lord Coke would put it, we have the premises, habendum, tenendum, reddendum, condition, warranty and covenants.

But with all this, if the instrument have no present operation, if intended to vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It seems to us, however, that besides the fact that the form of the writing shows the intention of the grantor to make an ordinary deed, with possession postponed until after his death, the significant fact that the instrument was to be put to record, is substantially conclusive of the point involved. This shows its irrevocable nature. "This conveyance to be put to record, but not to take effect so as to give *possession* until after my death" is the language. And then what? Not that the grantees are then to own the lands, or take the lands. They are made the *owners* by the instrument, but they are to divide what is already theirs. It seems to us that if the express words of the grant are to control, the instrument must be construed to be a conveyance with possession of the land conveyed postponed until after the death of the grantor. If a will, then it was revocable, and the provision that it was to go to

record is wholly inconsistent with the thought of revoca-
tion.   The intention was to put the instrument, solemnly
acknowledged as it was in due form of law, forever be-
yond the control of the maker, but in providing for this
putting it on the record, as indeed was its ordinary course,
as the grantor knew, he was careful to have this expected
registration so operative as not to give instant possession,
as it ordinarily would do.   It may be true, as contended,
that the reasons given for making the instrument are
those often given by testators when about to make their
last wills and testaments; but the fact that the grantor was
a bachelor, advanced in years, had numerous kinspeople,
and desired to make a distribution of his estate, because
of the uncertainty of life, are all facts fully consistent
with the intention of making a disposition or distribution
of his property by a deed, and while it is provided that
that " distribution " was to take " effect only on and after
death," and thus the characteristics of a will are suggested,
yet looking at the express effect to be given the recording
of the instrument—that is, to delay merely the possession—
we are constrained to the conclusion that the intent was
to make an irrevocable conveyance of the fee, the enjoy-
ment of which only was to be deferred until after the
death of the grantor.

The language " to take effect however and to go into
effect on and after death " is supposed by counsel for the
appellants to be conclusive of the question.   But it will
be observed that it is not said that the *writing* is to take
effect or go into effect on and after death!   The words of
the grant, those which are operative of conveyance, are
effective immediately.   They are in the present tense—the
grantor " hereby aliens, sells, and conveys," etc.—but the

*distribution*, that is, the division, provided for, not the grant, is postponed until after the death of the grantor.

It is not true, as so earnestly argued by counsel, that in positive and unequivocal terms, the *deed* was not to take effect or go into effect until on and after death. It was the possession merely, the actual division and distribution, that was thus postponed. No inferences arising out of the gifts of the personalty as made in the deed can be allowed to overreach the clear terms of the grant of the real estate, no questions respecting the personal property being before us.

Numerous cases are referred to in which certain writings are held to be wills rather than deeds; the underlying principles being the same in all of them. By like energy, no doubt, as many instances might be found where the instument has been held to be a deed, rather than a will. Cases are useful in determining questions like the one before us only as they illustrate the principles involved. It would be unprofitable to discuss them or distinguish them from the case under consideration.

We have examined them and find them merely declaratory of the well-known distinction between wills and deeds. They throw no light on the intention of Austin Rawlings in making the deed of April, 1891.

The judgment dismissing the petition and upholding the writing in contest as a deed is affirmed.