CASE 63—ACTION BY SARAH B. CRONLEY'S TRUSTEE AND OTHERS
AGAINST MARY P. STALLCUP AND OTHERS FOR PARTITION.—FEB. 5.

# Stallcup, &c. v. Cronley's Trustee, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.    REVERSED.

ESTATES—PERSONAL    PROPERTY—CONTINGENT    REMAINDERS—ASSIGN-
ABILITY—SUFFICIENCY OF CONSIDERATION.

Held:   1. Life estates and remainders may be created in personal
property by the same language that would create similar estates
in realty.

2. Kentucky Statutes, section 2341, providing that any interest in
or claim to real estate may be disposed of by deed or will in
writing authorizes the conveyance of executory devises.

3. A remainder interest in personalty contingent on the death of
the life tenant without issue, the death of the remainderman's
mother without issue, and the survivorship of the life tenant,
is not assignable, either at common law or under Kentucky
Statutes, section 2341, subjecting all interests in land to con-
veyance, as that section applies only to realty.

4. While a remainder interest in personalty contingent on the death
of the life tenant without issue, the death of the remainder-
man's mother without issue, and the survivorship of the life
tenant is assignable in equity, yet equity will not enforce the
assignment against the will of the assignor, unless supported by
a valuable consideration. A good consideration will not suffice.

J. D. & G. R. HUNT, FOR APPELLANT.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

1. The deed from Mary P. Shelby to Edward Cronley, trus-
tee, was not valid as an executed assignment. 2 Black. Com.,
173; 4 Kent's Com., 264-9; 2 Washburn Real Property, secs.
1733-1760; 2 Minor's Inst., 430, 437, et seq.; Fearne Rem., 386,
&c.; Bristol v. Atwater, 50 Conn., 402; Putnam v. Story, 132
Mass., 212.

2. The rules governing the creation and transmission of executory estates at common law apply equally to realty and personalty. 2 Minor's Ins., 436; 2 Washburn's Real Property, sec. 1779; 2 Kent's Com., 332, 4 Kent's Com., 268; 2 Black. Com., 398, 174-5; Fearne Rem., 5, note (c), 401 note (e), 416 note (a), 418; Lomax Dig., 311, 313, &c.; Grayson v. Tyler, 80 Ky., 359, 362.

3. How far the rule of common law making executory limitations not assignable affected by statute. Kentucky Statutes, secs. 490, 2341, Genl. Stat., chap. 63, art. 1, sec. 6, 2 Rev. Stat. chap. 80, sec. 6; White v. White, 86 Ky., 602; McAllister v. Ohio Valley, &c. Co., 24 Ky. Law Rep., 1307.

4. But the statute in terms applies exclusively to real estate, and does not affect transfer of personalty. See statute itself, Kentucky Statutes, sec. 2341, 2 Rev. Stat. chap. 80, sec. 6; Grayson v. Tyler, 80 Ky., 359, 362.

5. The instrument in controversy can not be aided by the doctrine of assignments in equity. 2 Story's Eq. Jur., sec. 1040b, 1040c, 4 Kent. Com., 261; Bailer v. Commonwealth, 40 Penn. St., 37; 20 Am. & Eng. Ency., 968, 970 and notes; Bispham Equity, sec. 165; Grayson v. Tyler, 80 Ky., 358; Buford v. McKee, 1 Dana, 107; Grigsby v. Grigsby, 8 Ky. Rep., 131; Perry on Trusts, sec. 109; McCall v. Hampton, 98 Ky., 166, 33 L. R. A., 266, and note.

6. Construction of will and devise by implication. Metcalfe v. Framingham Parish, 128 Mass., 370; Chinn v. Respass, 1 T. B. Mon., 25; 29 Am. & Eng. Ency., 382, 383, and notes; Jordon v. Fortesque, 10 Beav., 359; Farra v. St. Catherine College, L. R., 16 Eq., 19; Hall v. Leitch, L. R., 9 Eq., 376.

MORTON, WEBB & WILSON, FOR APPELLEES.

#### POINTS.

1. The interest acquired by Mary P. Shelby under Joseph Bruen's will, which was assigned to Mrs. Cronley by the deed of July 9, 1870, was not a bare, naked possibility, neither was it in strictness merely an executory devise. It was a vested estate in a contingent remainder, the remainder depending on the double contingency of Mary Shelby outliving Mrs. Cronley and of Mrs. Cronley dying without issue.

2. The deed of July 9, 1870, was good as an executed conveyance, assignment or gift of so much of the estate affected as consisted of personalty.

3. The deed of July 9, 1870, declared a trust in favor of Sarah

Stallcup, &c. v. 'Cronley's Trustee, &c.

B. Cronley, and this was sufficient to establish a gift and to transfer the title to the personal property, even without delivery of possession and without consideration.

4. The seventh clause of Mrs. Cronley's will is not a devise by implication nor does it fix by implication the proportions in which her heirs shall take her undevised estate.

## AUTHORITIES CITED.

Kentucky Statutes, secs. 490, 491, 2341; Nutter v. Russell, 3 Met., 163; Raab v. Raab, 23 Ky. Law Rep., 971; 2 Schouler's Personal Property, 2d ed., sec. 374; Wheeler v. Wheeler, 2 Met., 474; Alves v. Schlesinger, 81 Ky., 290; McCall v. Hampton, 98 Ky., 166; Lee's Exor. v. Lee, &c., 2 Duv., 134; McBee v. Myers, 4 Bush, 356; Grayson v. Tyler's Admx, 80 Ky., 358; Story's Eq. Juris., vol. 2, p. 234; Gen. Stats. chap. 63, art. 1, sec. 6, Virginia Revision, p. 500; 2 Revised Stats., chap. 80, sec. 6; Breckinridge v. Churchill, 3 J. J. Mar., 11; White's Trustee v. White, 86 Ky., 602; McAllister v. Ohio Valley Banking & Trust Co., 24 Ky. Law Rep., 1307; Miller v. Henshaw & Co., 4 Dana, 325; Betty v. Moore, 1 Dana, 235; Keen & West v. Macey, 3 Bibb, 39; Bank's Admr. v. Marksberry, 3 Litt., 275; Timberlake, &c. v. Parrish's Exor., 5 Dana, 345; Moore's Trustee v. Howe's Heirs, 4 T. B. Monroe, 199; Garland v. Denny & Colston, 3 B. M., 125; 24 Am. & Eng. Ency. Law, (2d ed.), 417; Smith Exec. Ints., 136; Watson v. Smith, 110 N. Car., 6; Washburn Real Property, vol. 2, p. 420, vol. 3. pp. 94, 95; Graves, &c. v. Spurr, 97 Ky., 651; 24 Am. & Eng. Ency. Law (2d ed.), p. 406, Title, "Remainders, Reversions and Executory Interests;" Schouler on Personal Property, 3d ed., 1896, vol. 1, sec. 76; Hooker v. English Bank, 30 N. Y., 83; Bohon v. Bohon, 78 Ky., 408; Miller v. Emans, 19 N. Y., 199; Kentucky Statutes, 491; Dumesnil v. Dumesnil, 92 Ky., 526, 24 Am. & Eng. Ency. of Law, vol. 27; Williamson v. Yager, &c., 91 Ky., 282.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

The will of Joseph Bruen, probated in Fayette county, this State, in 1848 gave his estate to his three daughters (after provision for his wife). He gave to each daughter her portion, to her sole and separate use during her life; and after her death to her surviving children in fee simple; but that, if any daughter died without issue, her por-

tion was then to go to her surviving sisters, if living, but, if dead to their issue. The children of his children were expressly made the representatives *per stirpes* of their parents in taking the estate in the contingencies mentioned. The testator had three daughters, Mrs. Ingles, Mrs. Sarah B. Cronley, and Mrs. Shelby. Mrs. Cronley was the last of the three to die, and she had no children. Mrs Ingles had several children. Mrs. Shelby one. Mrs. Shelby's child is appellant, Mary B. Stallcup. At her death Mrs. Cronley owned in her own right a considerable estate, derived from her deceased husband. Besides, she owned, in the hands of a trustee, from $30,000 to $35,000 of estate derived under the will of her father, Joseph Bruen. Of this it is claimed $26,850 is personalty. In 1870, directly after appellant had left school and returned to the home of her aunt, Mrs. Cronley, with whom it seems she had been making her home for some years, appellant, at the instance of Edward Cronley, Mrs. Cronley's husband, executed to him a conveyance in the form of a deed of trust, conveying to him, in trust for his wife, all of said Mary P. Shelby's interest (she was then unmarried) in the trust estate of Mrs. Cronley under her father's will. The deed was in consideration of natural love and affection and $1, and contained no warranty. At that time the great bulk of the estate so attempted to be conveyed was personal property, though some part of it was real estate.

Mrs. Cronley died a year or so ago, leaving a will, the principal if not the sole effect of which was to dispose of her estate derived from her husband, Edward Cronley. In this suit to settle and partition Mrs. Cronley's estate brought by her executor, the executor and the heirs of the Ingles branch claim that by her deed made in 1870 appellant conveyed to Mrs. Cronley the remainder

interest owned by her in the Bruen trust estate, being one-half thereof, and that as to that half Mrs. Cronley died intestate. As to the other half, the Ingles family took as remaindermen under Bruen's will. Appellant contends that her attempted conveyance of her contingent interest in the trust estate held by Mrs. Cronley for life was void, especially as to the personalty. The effect of the difference is to give appellant, as heir at law of Mrs. Cronley of the personal estate, say $6,712.50 less than she would take otherwise. Appellant contends that the deed of 1870 is invalid as an executed conveyance because her interest then was only that of an executory limitation or devise, which was not the subject of a conveyance at law.

While the common law originally admitted of no estate in personal property, regarding its title as its possession, as inseparable, yet that distinction has long been obsolete, and now life estates and remainders may be created in personal property. Language which would create a life estate and a reversion or remainder in lands may, with equal as-surance, sever the title to personal property, giving it for a term or life to one, with the remainder to others, upon the same contingencies as land is devised, guarding always against perpetuities. How far certain remote and contingent interests thus created in personal estate are the subject of conveyance by deed or executed contract is, and from the beginning has been, a troublesome question. The same diffi-culty naturally existed concerning the conveyance of similar interests in real estate. And they would arise more frequently and were far more important then, because generally it was the title to real estate only that was subjected to such limitations. Not for a long while afterward were they allowed as to personalty. The early cases—and, indeed nearly all the cases and texts—hold that such interests,

as executory devises or limitations, are not alienable at common law. To obviate the difficulty of this rule, and to facilitate the transfer of titles to land, legislative enactments have been resorted to. In this State a statute of that nature has been in effect for many years. It is now section 2341, which reads: "Any interest in or claim to real estate may be disposed of by deed or will in writing. . . ." This language is so comprehensive as to include an exectory devise. It is conceded by appellant, and we think it is clear that it is so, that the deed was effectual to convey appellant's interest in the real estate then held in trust for Mrs. Cronley.

An executory devise is such a limitation of a future interest in lands or personal chattels as the law admits in the case of a will, though contrary to the rules of limitation in conveyances at common law. Freame, Rem. (7th Ed.) 386; 2 Bl. Com. 172. It was defined in Paterson v. Ellis, 11 Wend. (N. Y.) 278, as being "a devise of a future interest in lands or chattels, not to take effect at the testator's death, but limited to arise upon some future contingency." Unlike a remainder, it requires no particular estate to support it (Burleigh v. Clough, 52 N. H. 273, 13 Am. Rep., 23), and may be limited upon a fee. It is not called an estate. In truth it is not. It is an interest, dependent upon the happening of one or more contingencies to ripen it into an estate. It is an expectancy, something more than an heir presumptive has.

The interest of the remaindermen is more tangible. It is certain and fixed, resting upon a particular estate, and to become dominant upon the happening of a contingent event. In this case the interest of Mrs. Stallcup, when first created, was thus: (1) If Mrs. Cronley should die without issue; (2) if Mrs. Shelby should die leaving no issue save

appellant; (3) if appellant should survive Mrs. Cronley. So long as either Mrs. Cronley or Mrs. Shelby lived, there was the legal possibility of appellant's having absolutely no interest in the estate, or by the birth of other children to Mrs. Shelby to have a different and varying interest. It is not so strange that such indefinite interests of such uncertain, beneficiaries were not assignable at the common law. The statute quoted has made them assignable as to lands, but as to lands only. This indicates a legislative purpose to leave the common law in force as to personal estates so conditioned.

The common law did not allow the conveyance or creation of such interest, except by will, and the statute has not authorized it. But equity did for many purposes treat such conveyances or contracts as equitable assignments, and as such enforced them. In Grayson v. Tyler's Adm'x, 80 Ky., 362, 4 R., 187, it was said: "The doctrine of the common law that is a contingent remainder can not be passed or trans- ferred by a conveyance at law before the contingency happens otherwise than by way of estoppel by fine, or by a common re- covery; but contingent estates were assignable in equity. See Freame on Remainders, p. 366." That was a case where a contingent remainderman, having such an interest in personal estate under will, had for value assigned it, and the assignment was upheld and enforced. Chancellor Kent, in his Commentaries (vol. 4, 262), says: "All con- tingent and executory interests are assignable in equity, and will be enforced if made for a valuable consideration." Speaking of the contract to sell an executory devise, Story's Equity Jurisprudence, vol. 2. section 1040b, says: "Until the event has happened, the party contracting to buy has nothing but the contingency, which is a very different thing from the right immediately to recover and enjoy the prop- erty. . . . It is not an interest in the property, but a

mere right under the contract. Indeed, the same effect takes place in such case if there be an actual assignment, for in the contemplation of equity it amounts not to an assign- ment of a present interest, but only to a contract to assign when the interest becomes vested. Therefore a contingent legacy, which is to rest upon some future event, such as the legatee's coming of age, may become the subject of an as- signment or a contract of sale." When the enforcement of the contract is sought, the chancellor will look to the contract, and the circumstances under which it was executed and the consideration, and will decree an enforcement or withhold it, as is the habit of equity; for it is not every valid contract that equity will enforce. So, if there be wanting a consideration, it seems that the contract should not be enforced against the will of the grantor. A "good consider- ation" will not suffice. "But, although such assignments are valid in equity, yet they will not generally be carried into effect in favor of mere volunteers; nay, not in favor of persons claiming under the consideration of love and affection (such, for instance, as a wife, or children) against the heir and personal representative of the assignee, but only in favor of persons claiming for a valuable consider- ation." 2 Story's Equity, section 1040 C c.

We do not regard the fact that the deed was made to a trustee affects the question at all. The sole purpose of making the conveyance to a trustee, instead of to Mrs. Cron- ley direct, was to create a separate estate in her. That fact manifestly could not have any bearing upon the trans- missibility of the interest attempted to be assigned. The case of Williamson v. Yager, 91 Ky., 282, 13 R., 273, 15 S. W., 660, 34 Am. St. Rep., 184, is relied upon by appellee as holding a contrary doctrine. But in that case the ques- tion was not as to the effect of placing the title in a trustee

as bearing upon the assignability of the subject-matter of the trust. There the owner of certain notes, by a signed indorsement upon them, created herself a trustee of the assignees, continuing to hold the notes. The court held that by making herself the trustee of a trust by an executed instrument, no other delivery of the notes assigned was either possible or necessary; and that, as the gift was executed, the matter of consideration was immaterial. But in that case the subject-matter of the assignment was a thing and estate in esse. The difficulty here is that the thing attempted to be assigned—the estate in the trust fund—was not in being, or vested in the assignor, and consequently the utmost effect that could be given to the attempted assignment was that of an equitable assignment, or an agreement to assign, to take effect in the future, when and if the estate to be assigned came into existence. When that event occurred, a court of equity will not enforce the assignment, because of a lack of equity in the claimant under the instrument.

The judgment of the circuit court denying to appellant the whole of the one-half of the personal estate owned by decedent and held by her trustee, derived under Joseph Bruen's will is reversed, and cause remanded for proceedings not inconsistent herewith.

Petition for rehearing by appellee overruled.