## Kimbler's Adm'r et al. v. Sanford.

June 14, 1949.

Terrill A. Wilson and Leonard E. Wilson for appellee.

Opinion of the Court by Judge Helm—Affirming.

From a judgment awarding appellee property, both real and personal, of the late Laura Kimbler, appellants appeal.

Laura Kimbler lived on a farm near Sewellton in Russell County. Her husband had died in 1937. The Federal Land Bank of Louisville had a mortgage on her farm for about $1300; she was unable to meet the payments; she wrote her niece, Ethel J. Sanford, Tampa, Florida, asking her assistance; Mrs. Sanford came to see Mrs. Kimbler; Mrs. Kimbler wished to have a home for the remainder of her life; in order to do that, she, in consideration of Mrs. Sanford's assuming her indebtedness to the Federal Land Bank, executed to Mrs. Sanford a deed as follows:

"This deed of conveyance made and entered into this the 22nd day of December, 1937, by and between Laura Kimbler, widow, of Russell County, party of the first part and Ethel J. Sanford, of Tampa, Florida, party of the second part.

"Witnesseth, that the said party of the first part for and in consideration of the party of the second part paying the mortgage now on the property hereinafter set out, in favor of the Federal Land Bank of Louisville, and the further consideration of the love and affection that the party of the first part had for the party of the second part, the receipt of which is hereby ac-

knowledged does hereby sell and convey to the party of the second part, at the death of the party of the first part, and the heirs of the party of the second part and assigns forever, the following described property, to wit:

"First tract: Lying in the headwaters of Blackfish Creek in Russell County, Kentucky. It being a part of the 600 acres survey taken up by the Trustees of the Russell Academy and bounded as follows: * * *

"Second tract: Situated in Russell County, Kentucky on the waters of Greasy Creek and bounded as follows: * * *

"All this being the same property and interest, saving a life interest reserved in the party of the first part, conveyed to the party of the first part by deed of conveyance from Lucy Kimbler Wooldridge and Vernon Wooldridge, her husband, by deed of conveyance dated October 8, 1937, and of record in the office of the Clerk of the Russell County Court in Deed Book No. 17 at page 41 and being the same property and interest willed to the party of the first part by the will of the deceased O. C. Kimbler, of record in the office of the Clerk of the Russell County Court in Will Book No. 4 at page 324.

"To have and to hold the same together with the appurtenances thereunto belonging unto the party of the second part her heirs and assigns forever, with covenant of General Warranty.

"It is further agreed and understood that at the death of the first party all of the personal property and estate owned by this first party is to go and it is hereby conveyed, as of said time, unto the party of the second part.

"In testimony whereof witness our signatures this the day and year first above written.

"Laura Kimbler * * *."

Laura Kimbler died intestate in January, 1947, leaving surviving her a niece, Ethel J. Sanford, and other nephews and nieces or their children. On January 16, 1947, on motion of her next of kin living in Russell County, H. E. Pruitt was appointed administrator of her estate. On January 29, 1947, appellee filed this action

based on the above deed and asking "for a temporary restraining order, restraining the defendant from releasing her, the plaintiff's, money to H. E. Pruitt or to any other person other than this plaintiff." She executed bond. A restraining order was issued by the clerk of the Russell Circuit Court. Later she filed an amended petition making H. E. Pruitt, administrator, a party, and praying that she be adjudged the owner of "the whole of the estate of Laura Kimbler as deeded to her." After preliminary pleadings and motions, Pruitt filed answer praying that appellee's petition as amended be dismissed; "that he be adjudged to be entitled to all of the personal estate of Laura Kimbler at the time of her death * * * as administrator of said estate."

Later appellee filed another amended petition pleading that the deed in question was "a deed conveying a present interest to all the personal property and land as described in said instrument, with the possession and enjoyment of same postponed until the death of the grantor, that Laura Kimbler was indebted to the Federal Land Bank of Louisville, Kentucky, in the sum of approximately $1300; that in consideration of her assuming the entire indebtedness owing to the bank, Mrs. Kimbler conveyed to her "all her lands and personal property, reserving * * * a life interest in each." Pruitt filed an amended answer pleading that the decedent owed Dr. Lawrence $300 for medical services.

The issues having been made, proof was taken showing that Ethel Sanford "had come from Florida * * * and taken the indebtedness off her hands so that she could have a place to live." The consideration for the deed was that Mrs. Sanford "was to pay off the indebtedness on the land." Mrs. Sanford was the only one who came to Mrs. Kimbler's rescue and saved her from losing her home. At the time the deed was executed, Mrs. Kimbler was fully capable of looking after her own affairs. After Mrs. Kimbler's death, appellee paid the funeral and burial bill of Mrs. Kimbler.

Bromie Settles, Secretary and Treasurer of the Somerset branch office of the Federal Land Bank, testified that appellee assumed the loan of Mrs. Kimbler on August 15, 1941, and that she had made payments regularly since that time.

The Chancellor was of the opinion that appellee was entitled to the relief sought in her petition as amended; that the above instrument dated December 22, 1937, is a deed and contract and conveyed to appellee all of the real estate described therein, and all of the personalty of Laura Kimbler at the time of her death. Judgment was in accordance with this opinion. He also adjudged that appellee pay to Dr. M. M. Lawrence the sum of $300, representing the amount owing him by Laura Kimbler for professional services rendered during her lifetime. Mrs. Sanford has filed no cross appeal and is not complaining as to that part of the judgment.

Clearly the above instrument is a deed which conveyed an interest in remainder in the real estate described to appellee, reserving a life estate in the land to the grantor, Laura Kimbler.

In Stallcup, etc., v. Cronley's Trustee, etc., 117 Ky. 547, 78 S. W. 441, 442, 25 Ky. Law Rep. 1675, we said:

"While the common law originally admitted of no estate in personal property, regarding its title as its possession, as inseparable, yet that distinction has long been obsolete, and now life estates and remainders may be created in personal property. Language which would create a life estate and a reversion or remainder in lands may, with equal assurance, sever the title to personal property, giving it for a term or life to one, with the remainder to others, upon the same contingencies as land is devised, * * *."

The Chancellor adjudged that all of the real estate described in the above deed, and all of the personal property owned by Laura Kimbler at her death, became, at the moment of her death, the property of the appellee, Ethel Sanford. We are of the opinion that the Chancellor reached the correct conclusion.

The judgment of the circuit court is affirmed.