Edward SAND et al., Appellants,

v.

Louis SAND et al., Appellees.

Court of Appeals of Kentucky.

Feb. 20, 1959.

Albert H. Root, Wm. J. Heringer, Newport, for appellants.

Wm. R. Seidenfaden, Newport, for appellees.

STANLEY, Commissioner.

This action to quiet title is determinable by a decision whether an instrument in the

form of a deed shall be construed as intending to pass title to the property presently or posthumously. A preliminary question is whether the court should have permitted introduction of parol evidence of the circumstances and conditions surrounding the execution of the instrument.

The instrument is a printed commercial form of a deed with the blanks filled by a typewriter. It was executed by Mrs. Anna Sand to her two sons, Louis and Max Sand, with the right of survivorship. The maker's signature was witnessed by a deputy county court clerk, and the instrument was acknowledged by Mrs. Sand before another deputy clerk on January 10, 1933. It was promptly recorded. The property consists of five tracts of land in Campbell County.

Immediately following the printed habendum and covenant of warranty appears this typed stipulation:

"It is mutually agreed between the said parties, hereto as a part of the consideration herein the said grantees, Louis Sand and Max Sand, will pay to the following named, Adolph Sand, Edward Sand, Freda Sand, Martha Lauer (nee Sand), Oscar Sand, and Michael Sand, each the sum of seven hundred fifty ($750.00) dollars, said amount to be paid within one year after the death of the grantor, ~~when~~ [sic] said deed shall become effective, upon the death of said grantor, and each of said named children of the grantor named to receive said amounts shall have power to cancel the amounts due them, and when so cancelled shall make the title complete in the names of the grantees herein."

The plaintiffs claimed title as tenants in common with the two defendants under the will of their mother, Anna Sand, which was dated June 13, 1929, and probated June 18, 1952. Mrs. Sand devised all her estate equally among her eight children, except a special bequest of a thousand dollars to Max "for services rendered."

The plaintiffs say they had no actual knowledge of the deed in controversy until after their mother's death. A general warranty deed to the same property had been executed by the eight children, described as heirs of Michael Sand, deceased, to their mother, Anna Sand, which is dated May 20, 1929, about three weeks before the will was executed. The deed in controversy, it will be noticed, was executed about four years later and had been recorded for more than nineteen years before the mother died.

The circuit court construed the instrument to be understandable and enforceable as a valid deed of conveyance. A summary judgment was rendered in favor of the grantees and their title quieted. It was, however, adjudged that each of the six plaintiffs had a lien on the property in the sum of $1,000 each. We have no explanation of this figure, but no question is raised about the difference between it and the sum stipulated in the deed to be paid them.

The appellants contend that because of the added provision, the instrument cannot be regarded as a deed conveying a present estate. They maintain that it is ambulatory and was intended to postpone transfer of title until after the maker's death, and therefore is void because not executed with the formalities required of a will.

While the record does not contain any motion by the plaintiffs that oral testimony be heard to show the facts and circumstances surrounding the execution of the deed, the trial court's opinion recites that the right to introduce extrinsic evidence was considered and denied.

In addition to the claim of general obscurity and ambiguity, the appellants point to the reference to an agreement or understanding between the parties presumably made simultaneously with the execution of the deed. The typed provision begins, "It is mutually agreed." This cannot be taken out of context. It is clearly expressed that the agreement was that the

grantees should pay their brothers and sisters $750 each within a year after the mother's death.

■ In the original instrument the word "when" appears to have been typed between the words "grantee" and "said deed" and then incompletely erased and a dim pencil line run through it. In reproducing the provision, we have run a line through the word "when." We attach no significance to this word, for it appears to have been a clerical error and was taken out. It really added nothing to the provision. The word will be presumed to have been erased or taken out before or at the time of the execution and delivery of the instrument. Pike County v. Sowards, 147 Ky. 37, 143 S.W. 745. Moreover, it is apparent that two other words had been incompletely erased for error. One was the name "Freda" was typed in place of "Fred" and the other the word "paid" was put in place of the word "made."

■ While the troublesome provision is crudely expressed, we do not regard it as being prima facie so obscure in meaning as to permit parol evidence to have been received by the court for the purpose of construing it. Sword v. Sword, Ky., 252 S.W.2d 869.

■ The instrument without the addition is a clear and unequivocal general warranty deed transferring complete title. The question is whether the added provision was meant to and does, in fact, qualify or limit the transfer of title. The ultimate object of judicial inquiry in these cases is to determine whether or not the ambiguous instrument as a whole was intended to transfer irrevocably a right and interest in the property at the time of its execution but to postpone the enjoyment of possession until the maker's death. The modern trend of the courts is to adopt such a construction and uphold the instrument as a deed conveying a present estate, although it may contain language that indicates that no estate would pass until after the gran-

tor's death. The courts especially strive to construe and give effect to the instrument as a deed where it cannot operate as a will because of insufficient execution as a testamentary paper. Jacoby v. Nichols, 62 S.W. 734, 23 Ky.Law Rep. 205; Hunt v. Hunt, 119 Ky. 39, 82 S.W. 998, 26 Ky.Law Rep. 973, 68 L.R.A. 180; Glocksen v. Holmes, 299 Ky. 626, 186 S.W.2d 634; 16 Am.Jur., Deeds, §§ 183, 184, 185; 26 C.J.S. Deeds § 82. The language of the present instrument contains nothing that indicates the reservation of a power to revoke it. It could not have been revoked after delivery. Such a power is, of course, annexed by operation of law to the execution of a will.

Factors present in this case which have been and should here be regarded as indicating an intention to grant a present estate, are the form and description of the paper as a deed; a general warranty of title; acknowledgement; delivery; prompt recording; and the recitation and requirement of payment of a valuable consideration, which shows that it was not testamentary. See Annotations, Effect on validity and character of instrument in form of deed, of provisions therein indicating an intention to postpone or limit the rights of grantee until after the death of grantor, 11 A.L.R. 23; 31 A.L.R.2d 32. The granting clause is "bargain, sell and convey" to the two grantees by name "with the right of survivorship over to the survivor of them, their heirs and assigns forever." It seems to us that the added provision shows by implication an intention to keep possession of the property during the grantor's life and to postpone the possession of the remainder interest until her death. It is provided that the payment of the consideration stipulated "shall make the title complete in the names of the grantees herein."

The classification of disputed provisions as limiting the transfer of title or postponing possession varies with the particular facts of the individual case. Precedents may be found lending support to

either construction. As said in Rawlings v. McRoberts, 95 Ky. 346, 25 S.W. 601, 602, 15 Ky.Law Rep. 771: "Cases are useful, in determining questions like the one before us only as they illustrate the principles involved. It would be unprofitable to discuss them, or distinguish them from the case under consideration." Among our precedents which seem to be more applicable to the consideration of the present instrument than others are these: Rawlings v. McRoberts, 95 Ky. 346, 15 Ky.Law Rep. 771, 25 S.W. 601; Forwood v. Forwood, 67 S.W. 842, 24 Ky.Law Rep. 18; Eckler's Adm'r v. Robinson, 96 S.W. 845, 29 Ky.Law Rep. 1038; Vaughn v. Metcalf, 274 Ky. 389, 118 S.W.2d 727; Hays v. Kentucky West Virginia Gas Co., 290 Ky. 174, 160 S.W.2d 376; Noffsinger v. Noffsinger, 303 Ky. 344, 197 S.W.2d 785; Kimbler's Adm'r v. Sanford, 310 Ky. 666, 221 S.W.2d 638.

Upon reason and authority, we are of opinion the judgment should be, and it is

Affirmed.