CASE 63.—ACTION BY MINERVA J. HALCOMB AGAINST
BOYD ISON AND OTHERS.—February 4, 1910.

## Ison, &c. v. Halcomb

Appeal from Letcher Circuit Court.

L. D. LEWIS, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

1. Wills—Testamentary Paper—Nature.—A paper, in form a
deed, but testamentary in character, and not to take effect
until the maker's death, must be probated as a will, to be
valid.

2. Deeds—Validity—Time of Taking Effect.—A deed, to be
valid, must pass some interest vesting in the grantee on the
delivery of the deed.

3. Wills—Deeds Distinguished from Wills.—A deed conveying
all the real and personal estate the grantor shall have at
his death, to be equally divided between the grantees, his
children, living at his death, is testamentary in character
and of no validity unless probated as a will.

4. Ejectment—Title of Plaintiff—Sufficiency.—One suing for
the recovery of land must recover on the strength of his
own title, and not on the weakness of the title of defendant. .

5. Ejectment—Pleading—Variance.—One suing to recover land
must prevail, if at all, on the cause of action alleged.

6. Descent and Distribution—Right of Heirs.—The right to land
by the heirs of the deceased owner is subject to the payment of his debts.

7. Executors and Administrators—Sales of Real Estate—Action
for Sale.—Where, in a suit by the curator for the settlement
of the estate of decedent, the petition alleged that he did
not know the debts or the boundaries of the land of decedent, and the report of the commissioner  to report the
debts and the boundary of the land, which gave the debts
and the boundary of the land was confirmed, a judgment

directing a sale of the land described therein by metes and
bounds as in the survey filed by the commissioner was not
void because the land was not described in the petitio-
8.  Executors and Administrators—Sales of Real Estate—Action
for Sale.—Where, in a suit by the curator for the settle-
ment of the estate of a decedent, all the infants interested
were properly served with process, failure to name one of
the infants in the order appointing a guardian ad litem, who
answered for all the infants, did not render a judgment
directing a sale void as to the infant omitted.

D. D. FIELDS & SON, IRA FIELDS, BAILEY P. WOOTEN,
JESSE MORGAN and GREENE, VANWINKLE & SCHOOL-
FIELD for appellants.

H. L. HOWARD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

George Ison died in the year 1887, the owner of a
tract of land in Letcher county.  By an order of the
Letcher county court his estate was committed to D.
D. Fields, the sheriff of the county, as curator, and
he brought a suit for the settlement of the estate
against the widow and children.  This suit pro-
gressed to a final judgment, by which the land was
ordered sold to pay the debts of the estate.  The sale
was had, and Gideon Ison, a son of the deceased,
bought the land for $1,123.  The sale was had subject
to the dower of the widow, and he afterward paid her
$400 for her dower.  The land was then worth about
$1,500.  Deeds were made to him by the commissioner
and by the widow in the year 1892.  On July 11, 1903,
he deeded the land to his two sons, Boyd and James
Ison, and not long after this he died.  They took
possession of the land, and were living upon it when
this suit was brought against them on February 20,
1906, by Minerva J. Halcomb, Maggie Riddle, William

H. Ison, and Jefferson D. Ison, claiming the land under a deed from George Ison and wife, which purports to have been executed and acknowledged on June 26, 1879. It was found in his trunk after his death and was lodged for record and recorded on December 1, 1905. The defendants by their answer pleaded that George Ison had not executed or delivered the deed and they set up their title by virtue of their father's purchase in the judicial proceeding above referred to. They also pleaded that the deed, if made, was voluntary and void as to creditors, asserting a lien for the money that their father had paid if the deed was upheld. The plaintiffs replied, setting up grounds to show that the judgment in the case referred to was void as to them, they being infants at the time, and charged that Gideon Ison, when he purchased, had full notice of their rights. On final hearing the circuit court upheld the deed, held the judicial proceeding void, but also held that the deed was also valid as to Ison's homestead, and that as to the land over and above the homestead, it was fraudulent as to creditors. He directed the homestead to be laid off to the plaintiffs. From this judgment the defendants appeal.

The deed under which the plaintiffs claim is in these words: "This indenture, made and entered into this 10th day of June, 1879, by and between George Ison of the county of Letcher (Linefork), of the one part and Minerva Jane Ison, Margaret Lear Ison, William H. Ison and Jefferson D. Ison of the other part, Witnesseth that for and in consideration of natural love and affection, and in consideration that I have given a great deal to my other heirs, and that the above-named vendees are of tender years, and to make them a portion of my estate equal with

what the other heirs have received, I hereby give, grant, bargain, sell and convey unto said Minerva Jane Ison, Margaret L. Ison, William H. Ison and Jefferson D. Ison, the following real and personal property, viz.: All the real and personal estate that I shall own at my decease to be equally divided between them and to save the trouble and expense of all lawsuits and expense of commissioners I hereby appoint my friend —— to divide the above property between the above vendees who shall be living at my death. In witness whereof I have hereunto set my hand and seal this day above written.''

A paper, though in form a deed, is testamentary in character, and to be valid must be probated as a will, if it does not take effect until the maker's death. A deed to be valid must pass some interest vesting in the grantee upon the delivery of the deed. The paper above quoted is manifestly testamentary in character. The property conveyed is ''all the real and personal estate that I shall own at my decease to be equally divided between them and to save the trouble and expense of all lawsuits, and the expense of commissioners, I hereby appoint my friend —— to divide the above property between the above vendees who shall be living at my death.'' Nothing that the grantor owned at the time the deed was made passed under the deed. All the property that he then had remained his, and subject to his disposition, just as it was before. The only thing that the deed operates upon is the real and personal property which he shall own at his death, and this is to pass to such vendees as shall then be living. If this paper was delivered to the vendees, they took no interest upon its delivery in any property then owned by the maker. The operation of the deed is wholly contingent upon

his having the property at his death.   It therefore
passed at its delivery no interest in any property he
then owned, and would be operative in no way until
his death.   It was therefore testamentary in charac-
ter, and of no validity unless probated as a will.

The plaintiffs took no title to the land under this
paper; and, as this is the foundation of their action,
and the only title asserted by them, it is unnecessary
for us to consider the other questions discussed.   The
plaintiffs must recover upon the strength of their
own title.   They cannot recover upon the infirmity
of the defendant's title.   They must recover upon the
cause of action which they set up; and, if this is not
sustained, they must fail.   The only cause of action
set up by the plaintiffs is under the above-quoted
instrument; and, that being invalid, and the action
having been submitted on its merits, the petition
should have been dismissed.

It is true the plaintiffs are the four youngest child-
ren of George Ison, and this appears from the record,
but they do not set up the fact in their pleadings,
or assert any right to the land as his heirs at law.
Whatever rights they took as his heirs were subject
to the payment of his debts, and upon an inspection
of the record of the proceedings in which the land was
sold, we find nothing rendering them void.   The court
had jurisdiction of the parties and the subject-matter
of the action.   It was alleged in the petition that the
plaintiff did not know the debts against the estate or
the boundary of the land, and the case was referred
to the commissioner to report the debts and the boun-
dary of the land owned by the decedent at his death.
The commissioner took proof and had the land sur-
veyed.   He filed his report, giving the debts and the

boundary of the land. The report was confirmed, and a judgment entered directing a sale of the land, which was described in the judgment by metes and bounds, as in the survey filed by the commissioner. The purpose of the action was to settle the estate, and the judgment was not void, because the land was not described in the petition. The name of one of the infants was omitted from the order of court appointing the guardian ad litem. He answered for all of them, and the court recognized the answer. All the parties were duly served with summons. The failure to appoint a guardian ad litem for one of the infants would render the judgment erroneous as to him, not void where he was properly served with process.

Judgment reversed, and cause remanded for a judgment as above indicated.