## Taylor v. Purdy, et al.

(Decided December 6, 1912.)

### Appeal from Marion Circuit Court.

1. **Deeds—Instrument Having No Present Operation—When Made and Proved As Will.**—If an instrument has no present operation; if it intended to vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument, and good only if made and proved as a will.

2. **Deeds—Form of Instrument Not Conclusive of Maker's Intention.**—The form on an instrument is not conclusive of the intention of the maker of it; nevertheless, if the writing has all the requisites of a deed, it is a fact throwing light on the intention.

3. **Deeds—Delivery to Notary—Presumption Notary Acted at Direction of Grantor.**—Where the grantor of a deed delivered it to the notary, who carried it to his office for the purpose of writing out his certificate, and then delivered it to the grantee named in the deed, it is to be presumed, in the absence of any testimony explaining or attacking the delivery thus made by the notary, that he acted properly, and at the direction of the grantor.

4. **Gifts Inter Vivos—Gift of Personal Property—Delivery.**—In order for personal property to pass as a gift inter vivos, there must be a delivery of the property, either actual or symbolical.

5. **Gifts of Personal Property—Delivery—How Made.**—Delivery to be effectual, must be according to the nature and character of the thing given, and it may be actual or constructive, according to the circumstances; there must, however, be a parting by the donor with all present and future legal power and dominion over the property.

6. **Gift of Personal Property—When Gift Valid Without Manual Delivery.**—The general rule is, that a gift of personal property evidenced by a written instrument executed by the donor, is valid without a manual delivery of the property; provided there is a delivery of the instrument which declared the gift.

7. **Deeds—In Possession of Trustee for Infant.**—Where a deed is in the possession of a trustee for infants, a presumption of its delivery will be indulged in behalf of the infant beneficiaries.

8. **Deeds—Personal Property—Identification.**—If the description of personal property conveyed by a deed affords a means of identifying the property, it is not so indefinite as to render the conveyance void.

JOHN McCHORD for appellant.

W. H. SPRAGENS, S. A. RUSSELL and C. C. BOLDRICK for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

At the September, 1909 term of the Marion Circuit Court, the appellant, Taylor, recovered a judgment against the appellee, W. S. Purdy, for $600; and at the January, 1910, term of the same court, Taylor recovered a further judgment against Purdy, for $200. On February 4, 1911, Xerxes Purdy I, the father of W. S. Purdy, died intestate, leaving the appellee, W. S. Purdy, and Mrs. Bettie Thornton as his only children and heirs at law. On March 27, 1911, Taylor caused executions to issue upon his judgments, and levied them upon W. S. Purdy's supposed undivided half interest in a farm of 106 acres in Marion County, which had belonged to his father, Xerxes Purdy I. It developed, however, that on July 5, 1909, Xerxes I, had conveyed his farm to his grandson, Xerxes II, for $2,-000, the purchase price being evidenced by the note of Xerxes II, the purchaser, for that amount.

Furthermore, on May 28, 1910, Xerxes I had executed the following paper, known in the record as the deed of gift, to-wit:

"Bradfordsville, Ky., May 28, 1910—This deed of gift and conveyance made and entered into this May 27th, 1910, by and between Xerxes Purdy, Sr., of Bradfordsville, Ky., party of the first part and Lucy Ann Purdy his wife of the 2nd part, Witnesseth: That the said X. Purdy, Sr., in consideration of the love and affection he bears his wife, has given and does by these presents give, grant and convey to the said Lucy Ann Purdy his wife, all the right title and interest, now vested in him to any real estate, and all the personal estate of every kind whatever, which he now holds or may die possessed of, to have and to hold in fee simple during her natural life, and at her death to be divided equally between the children of W. S. Purdy and Mrs. Bettie Thornton wife of Dr. Geo. Thornton, to be held in trust, and used and invested for the benefit and advantage of said children by their parents, the said W. S. Purdy and Mrs. Bettie Thornton, during the lifetime of said parents. Witness my hand this May 28th, 1910.
"X. Purdy, Sr."

Both deeds were properly acknowledged before a notary public, and were recorded on April 8, 1911, more than two months after the death of Xerxes I. Taylor brought this action to set aside the deed to Xerxes II,

upon the ground that it was voluntary, and had never been consummated by a delivery of the deed to the grantee, and to subject W. S. Purdy's interest in the farm to the payment of appellant's debt. The petition further alleged, in the alternative, that if the deed to Xerxes II was valid, the deed of gift, which conveyed all the estate of Xerxes I to the children of W. S. Purdy and Mrs. Thornton, was not only procured by fraud and duress, and had never been delivered, but was ineffectual in law for any purpose, even should its delivery be conceded or established. The issue as to duress and undue influence, has been abandoned, and the case has been tried here upon the issues raised as to the delivery of the two papers, and the legal effect of the deed of gift.

At the time the two deeds were executed, Lucy Ann Purdy, the wife of Xerxes I, was living. Mrs. Purdy died, however, on July 19, 1910, about seven months prior to the death of her husband. It is established by the proof, if not conceded, that the sale to Xerxes II was *bona fide,* and for a fair price. He, however, paid nothing upon his purchase money note for $2,000, which was found among the papers of Xerxes I after his death. Appellant contends that the deed of gift of May 28, 1910, did not operate either to establish a trust in favor of W. S. Purdy and Mrs. Thornton, and their children, or as a gift *inter vivos,* because neither the deed nor the note was ever delivered to either of them; and, since that paper was ineffectual for any purpose, one-half the estate of Xerxes I descended, under the statute, to his son, W. S. Purdy, and is liable for appellant's debt.

Appellant further contends that if the deed of gift should be treated as having been delivered, and as sufficient to establish a gift, it was, nevertheless, testamentary in character, and not having been executed as a will, it failed of operation for that reason, thereby causing the property to descend, as above indicated. On the other hand, the appellees insist that the deed of gift contains a good declaration in trust, and that it was delivered by Xerxes I during his lifetime, to W. S. Purdy, one of the beneficiaries under the deed.

The circuit court took appellees' view of the case, and dismissed the petition, and from that judgment Taylor prosecutes this appeal.

As to the contention that the paper of May 28, 1910, is testamentary in character, rather than a deed, and must fail for want of proper execution under the statute, little need be said.

The rule is, that if the instrument has no present operation; if it intended to vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument, and good only if made and proved as a will. Rawlings v. McRoberts, 95 Ky., 350; Basket v. Hassell, 107 U. S., 602.

In Rawlings v. McRoberts, *supra*, we said:

"The contention of the appellants, who were the plaintiffs below, is that, although the document is couched in the form of a deed, and has the usual words of conveyance, yet it is, in fact, a testamentary disposition of the property described, and hence a will. They sued for the land sought to be conveyed to the appellees, because the writing as a will is not effective through lack of proper attestation under the statute. It is, of course, true that the form of the instrument is not conclusive of the intention of the maker of it, nevertheless, if the writing have all the requisites of a deed, it is a fact throwing light on the intention.

"Here we have grantor and grantee and the ordinary words operative of conveyance; we have the thing granted, the consideration expressed, the execution, including signing, attestation and acknowledgment, delivery, acceptance and registration.

"As Lord Coke would put it, we have the premises, habendum, tenendum, reddendum, condition, warranty and covenants." See, also, Hunt v. Hunt, 119 Ky., 42.

The paper under consideration is in the form of and authenticated as a deed. It is not authenticated as a will, and in our opinion was never intended to operate as a will. On the contrary, as was pointed out in Rawlings v. McRoberts, *supra*, the words of the grant, those which are operative of conveyance, are in the present tense, and became effective immediately upon the delivery of the instrument; and, under the authorities above referred to, it must be treated as a deed.

In order for personal property to pass as a gift *inter vivos*, there must be a delivery of the property, either actual or symbolical. Payne v. Powell, 5 Bush, 249; Merritt v. Merritt's Exor., 9 Ky. L. R., 721; Rodemer v. Rettig, 114 Ky., 637; Simmonds v. Simmonds, 133 Ky., 498; Foxworthy v. Adams, 136 Ky., 403; Stark v.

Kelly, 113 S. W., 498; Basket v. Hassell, 107 U. S., 602.

As to what will amount to a delivery, 20 Cyc., 1196, says:

"Delivery to be effectual must be according to the nature and character of the thing given, and hence may be actual or constructive according to the circumstances. There must, however, be a parting by the donor with all present and future legal power and dominion over the property.

The general rule is that a gift of property evidenced by a written instrument executed by the donor is valid without a manual delivery of the property. However, there must be a delivery of the instrument declaring the gift in order to make such gift valid."

The above rule is, in effect, approved in Bunnell v. Bunnell, 111 Ky., 566. So much of the opinion in Payne v. Powell, 5 Bush, 252, as declares that a transfer of personal property by writing alone will not satisfy the requirements of delivery, was unnecessary to the decision of that case, as was explained in Rodemer v. Rettig, 114 Ky., 637.

If, therefore, the deed of gift was delivered by the grantor, the case comes directly within the rule above announced.

Upon the issue of delivery, the evidence is brief. It appears from the testimony of Reynierson, the notary who took the acknowledgment to the deed of gift, that he carried it to his office for the purpose of writing out his certificate, and then delivered the deed to W. S. Purdy, one of the trustees named therein. There is no other testimony upon this point; and in the absence of any testimony explaining or attacking the delivery thus made by Reynierson, we must assume that he acted properly, and at the direction of the grantor. Moreover, the deed appearing in the possession of the trustee, a presumption of its delivery will be indulged on behalf of the infant beneficiaries. The delivery having thus been shown, the deed operated as a gift *inter vivos*.

Appellant contends, however, that the description of the property conveyed is too indefinite to embrace the note of Xerxes II, for $2,000.

We do not attach much importance to this suggestion. In Graham v. Botner, 18 Ky. L. R., 638, 37 S. W., 583, George Nellman conveyed to his sister by deed, "all his property, real and personal;" and, in answer to the

argument that the description of the property was too indefinite and uncertain to pass anything, the court said:

"The description of the property conveyed, enables those who claim under it as against George and his heirs to identify it. It affords a means of identification, and if George Nellman was living he could neither assail the deed on the ground of fraud, nor would he be permitted to say that when he conveyed *all his estate, real and personal,* it was so indefinite as to render the conveyance void, for it could be shown by proof *aliunde* what estate he had when the writing was delivered. (Pond v. Beigh, 10 Page, 140; Wilson v. Boyd, 92 U. S., 320; 79 Ind., 235; 108 Ind., 130.)"

The deed under consideration is as broad in its terms, as the deed in Graham v. Botner, *supra.* It conveyed all of the grantor's right, title and interest in any real estate and all the personal estate of every kind, which he then had, or might have at the time of his death to his wife, Lucy Ann Purdy, for life, and at her death it was to be divided equally between the children of W. S. Purdy and Bettie Thornton, for whose use and benefit it was to be held during the lifetime of their parents.

We are of opinion that the deed of May 28, 1910, operated as a gift *inter vivos;* and, that being true, it is unnecessary to consider whether it created a valid trust.

The judgment of the circuit court was right, and it is affirmed.