## Stamper, Jr. v. Lunsford, et al.

(Decided October 31, 1919.)

### Appeal from Lee Circuit Court.

1.  Deeds—Sufficiency of.—It is essential to the validity of every deed that there should be a grantor, a thing granted and that it must pass a present interest whether contingent or vested to the grantee and be based on a good or valuable consideration.

2.  Descent and Distribution—Bastards—Illegitimate Children—Marriage of Father and Mother.—A child begotten and born before the marriage of its father and mother will be legitimated by the marriage and be capable of inheriting from the father, although at the time the child was begotten and born the father had a living and undivorced wife.

H. T. BEATTY and T. B. BLAKEY for appellant.

H. L. WHEELER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

Enoch Stamper died intestate in August, 1915, and after his death this suit was brought by his children seeking a division of two tracts of lands that it was averred he owned at the time of his death.   One of these tracts contained 56 acres and Enoch Stamper, Jr., who was made defendant in the partition suit, asserted title to it by virtue of the following instrument which he claims to be a deed:

"This Indenture made and entered into on this Aug. 18th, 1913.   Witnesseth: That Enoch Stamper of Lock 13 of Lee county hath this day made his last will and testament in the following manner to-wit.

"First, He wills to his wife Margaret the farm known as the Richard farm near the Standing Rock and is hereby bequeathed to her during her life time or widowhood if maintained in decency and at her death it is to go to my daughter Lilly and as to all of my other property, my wife Margaret is to inherit a child's part, and my son

Enoch is to have the balance of my land and my household plunder and one mule named John, and one yoke of calves that are red in color and yearlings part in age and the remainder Sarah Jennie, Emma Charles and Richard are each to inherit five dollars in the land known as the Sally Stamper farm, and it is further understood that all the property mentioned above is to remain in the possession and ownership of the owner, Enoch Stamper so long as he lives and it is further understood that my son Enoch is to have ninety dollars in cash that is in the Lee county Deposit Bank at Beattyville, Ky., and the half of the goods in the store, and it is further understood that all the property above donated to my son Enoch is to be the property of him and his bodily heirs if he has any and if not, is to revert to his brothers and sisters at his death.

"Whereof the owner, Enoch Stamper hereunto subscribed his name on this Aug. 1st, 1913.

, "Enoch Stamper."

This paper was signed and acknowledged by Stamper and recorded in due time in the clerk's office of the Lee county court.

The children of Enoch Stamper, deceased, excepting Enoch Stamper, Jr., the claimant under this paper, disputed its validity as a deed and also contested Enoch Stamper, Jr.'s right to any interest in his father's lands on the ground that he was a bastard child and not entitled to inherit.

After the case had been prepared for trial it was submitted and adjudged by the lower court that Enoch Stamper, Jr., took no interest in the land as a child of Enoch Stamper and that the paper which he styled a deed possessed no validity.

This paper cannot be treated as the will of Enoch Stamper because it is admitted that it was not written by him or his signature attested by two witnesses nor do we think it measured up to the substantial requisites of a deed.   It is a curiously worded paper and was evidently written by some person wholly ignorant of the law relating to wills as well as deeds and who did not know the difference between a will and a deed.   Apparently it was intended for a will although in the first line it is styled an "Indenture made and entered into," but these are the only words in the paper that would indicate that it was a deed or so intended to be.

The phraseology of the remainder of it leaves the impression that the writer intended it for a will. Blackstone's Commentaries (Chitty) Vol. 1, Book 2, page 239, in setting forth the requisites of a deed, among other things not necessary to notice, says: (1) "that there be persons able to contract and be contracted with for the purposes intended by the deed; and also a thing, or subject matter to be contracted for; all of which must be expressed by sufficient names. So as in every grant there must be a grantor, a grantee, and a thing granted; in every lease a lessor, a lessee, and a thing demised." (2) "The deed must be founded upon good and sufficient consideration." (2) "The deed must be written, or I presume printed, for it may be in any character or any language; but it must be upon paper or parchment." (4) "The matter written must be legally or orderly set forth; that is, there must be words sufficient to specify the agreement and bind the parties; which sufficiency must be left to the courts of law to determine."

Although the rules laid down by Blackstone specifying the requisites of a deed are not now adhered to in all their strictness yet it is essential to the validity of every deed that there should be a grantor, a grantee and a thing granted; that it must pass a present interest, whether contingent or vested, to the grantee and be based on a good or valuable consideration. Simon v. Wildt, 84 Ky. 157; 40 Cyc., 1086; Phillips v. Thomas Lumber Co., 94 Ky. 445; Ison v. Halcomb, 136 Ky. 523; Rawlings v. McRoberts, 95 Ky. 346; Ward v. Ward, 104 Ky. 857.

Tested by any of the substantial rules by which the sufficiency of a deed must be determined this paper is wholly wanting in all the material requirements of a deed. It passes no present interest, there is no grantor or grantee, no consideration, in fact nothing to indicate that it was intended to be a deed except, as we have said, the words "This Indenture made and entered into this August 18, 1913." So that Enoch Stamper did not take any estate by virtue of this paper.

He is, however, entitled to a child's share in the estate of his father notwithstanding the fact that he was born out of lawful wedlock and at a time when the legitimate wife of his father was living. The marriage of his father to his mother after the death of his father's first wife legitimated him. Bates v. Meade, 174 Ky. 545.

Wherefore the judgment is reversed with directions to enter a judgment not inconsistent with this opinion.