## Nolen v. Wilson's Admr.

(Decided November 10, 1925.)

### Appeal from Bell Circuit Court.

1. Gifts—Delivery, Actual or Constructive, is Essential to Gift Causa Mortis.—Delivery, actual or constructive, is essential to gift causa mortis.

2. Gifts—Evidence Held Insufficient to Establish Gift Causa Mortis of Note.—Death bed statement that papers directing disposition of estate would be found in safety deposit box held insufficient to establish delivery as gift causa mortis of note found in box, executed without consideration and payable after death to one whom deceased had intended to marry.

3. Evidence—Evidence as to Alleged Statements by Deceased Showing Gift of Note Incompetent and Hearsay.—In action whereby it was sought to establish a gift causa mortis of note executed without consideration by deceased, testimony as to statements made by deceased to his nephew, who related them to witness, held inadmissible, as incompetent and hearsay.

4. Witnesses—In Action to Establish Gift Causa Mortis of Note, Payee's Testimony as to Statements and Acts of Deceased Donor Held Incompetent.—In action to establish gift causa mortis of note executed without consideration, testimony of payee as to matters said and done by deceased held incompetent.

JAMES H. JEFFRIES for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On January 17, 1920, R. D. Wilson signed and placed in his safety deposit box at the bank a note of that date

for $5,000.00, due one day after date and payable to Elizabeth Nolen. He died intestate and without lawful issue in March, 1920. After his death she brought this suit against his administrator to recover on the note.

On the trial of the action a judgment was rendered in her favor, but on appeal it was held that the findings of fact by the circuit court in which the judgment was rendered did not show that there was any consideration for the note. The judgment was reversed, with directions to grant the administrator a new trial. Wilson v. Nolen, 200 Ky. 609. The evidence was not before the court and it was only held that the findings of fact, under the pleadings, did not warrant the judgment. On the return of the case to the circuit court it was consolidated with the suit to settle the intestate's esate and Elizabeth Nolen undertook to enforce her note as a gift *causa mortis*. On final hearing the circuit court entered judgment against her. She appeals.

The facts are these: R. D. Wilson had an estate of about $11,000.00. He was about fifty years old. He and Miss Nolen were engaged to be married. She was making and getting together things for them to go to housekeeping when they were married. In this condition of things he was taken sick with flu and soon pneumonia developed. She nursed him very tenderly, until she took the flu too. She was a school teacher, but after school was out she worked in the afternoons in the clerk's office for R. D. Wilson and had the keys to the office and the box in the bank. In this box were her savings as well as his. The day before he died his nephew, R. E. Wilson, was sitting by his bedside and in a very low tone he told him that in his box at the bank would be found papers that would tell him how to dispose of his estate, and he didn't want any lawing about it. He died the next day. Miss Nolen had the keys to the office and the key to the box was on the same bunch. She was not present. After the death of R. D. Wilson the nephew got the keys from her and they went together to the bank and found the note for $5,000.00, payable to Miss Nolen one year after date, in the box with two similar notes. R. E. Wilson did not deliver the $5,000.00 note to her, doubting his right to do so, and this litigation followed.

To be good as a gift *causa mortis* there must be a delivery of the thing either actual of constructive. Here there was no delivery of anything. The nephew was

simply told that the papers were there in the box. Nothing was delivered to him. There was no consideration for the note and it cannot be enforced as a gift *causa mortis*. Drake v. Security Trust Co., 203 Ky. 733; Dickerson v. Snider, 209 Ky. 212, and cases cited; 12 R. C. L., p. 961.

The testimony of J. H. Wilson that R. E. Wilson told him as they went home that R. D. Wilson had said certain things to him in his room was incompetent and properly disregarded by the court, for this was long after the conversation between R. E. Wilson and R. D. Wilson and was purely narrative of what then occurred, or hearsay. The testimony of Miss Nolen as to what was said or done by the deceased was also incompetent and properly excluded.

Judgment affirmed.