## Howard v. Williams.

(Decided February 5, 1929.)

(Rehearing Denied March 22, 1929.)

260

M. C. REDWINE and J. SMITH HAYS for appellant.

F. J. STEVENS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MCCANDLESS
—Affirming.

The value in controversy for an appeal is only $200, and for reasons later stated the motion is denied. But an interesting question is involved, and it is thought well to write an opinion. In an action of claim and delivery, plaintiff sought the recovery of six cups and six saucers —heirlooms—at one time the property of Daniel Boone, and as alleged of the value of $200. Defendant traversed the affirmative allegations of the petition and pleaded affirmatively that the cups and saucers formerly belonged to plaintiff's grandfather, William Williams, deceased, and who was survived by several children, including a daughter, Miss Fannie Williams; that Miss Fannie Williams remained with her father during his lifetime and after his death retained his personal property, including the cups and saucers in question. After the death of Miss Fannie, three of the grandchildren, including defendant, took possession of the personal property for the purpose of selling it and dividing the proceeds among his heirs, of whom there are a number; that plaintiff is entitled to one-fifteenth of their value and no more, and he requests that he be permitted to defend the action for all of the heirs of W. T. Williams. Proper pleadings made up the issues, and a trial was begun on the 16th

day of May, 1925. But not being concluded on that day, court was adjourned until the 18th, when, in the absence of plaintiff, the case was concluded and verdict rendered for the defendant. Plaintiff arrived later on the same day, and at once filed motion and grounds for a new trial, supported by the affidavit of herself and attorney, which was overruled; judgment not being entered for several terms thereafter.

Plaintiff is an elderly lady, inexperienced in legal proceedings, and lives some distance from the county seat. The record indicates that she was peeved by some ruling of the court during the first day's trial, and upon leaving Saturday afternoon informed her counsel that she would not return. Counsel with commendable frankness so informed the court, and as she did not arrive early Monday morning the court proceeded to trial in her absence, and such is the purport of the affidavit of her counsel. Plaintiff's affidavit is in these words:

"The plaintiff says that she has in her possession a paper in words and figures as follows, to wit:

"Jan. 7, 1876.

I hereby request that the set of teacups and saucers known to have been the property of Daniel Boone shall upon the death of my daughter Fannie become the property of my granddaughter, Sookie Williams. I request that my daughter Fannie shall keep the cups and saucers through her life, and upon her death if she should die before Sookie they shall become the property of her Sookie.

"[Signed]   WILLIAM WILLIAMS.

That this paper has been in her possession for about two years, that she had not told her attorneys of its existence, and that she did not know of its importance, and that by direction of her said attorneys she procurred and brought same to Irvine on this date, that she is unlearned in law, has very little education, and did not know the value of this paper, or that it was necessary or important to bring same to court, that said writing is in the nature of a will, and is entirely in the handwriting of William Williams; that she is familiar with his handwriting from having seen him write; that said Fannie Williams had formerly told affiant that the paper was in existence, and its contents, but affiant having but

little education was not able to read it; that the paper came into affiant's possession about two years ago, and she produced same as soon as possible after its existence became known to her attorneys, and brought same to Irvine at the earliest possible moment.''

Assuming that the paper embodied in the affidavit is wholly in the handwriting of William Williams, and is to be regarded as testamentary only, in the absence of probate it cannot affect the title to the property. Plaintiff however insists that it should be construed as a gift inter vivos, and that its possession by plaintiff is evidence of a constructive delivery of the articles to her by the donor. We cannot assent to this view. Admittedly there was no actual delivery of the cups and saucers to plaintiff or to any one for her, nor does the paper indicate an intention to make a gift to take effect immediately. On the contrary it is a request to take effect after the death of William Williams, and the donor did not part with possession. Clearly such bequest could have been revoked by him at any time before his death. The fact that the plaintiff now has the paper in her possession may imply a delivery of the paper to her, but the language of the paper is insufficient to constitute a constructive delivery to her of the described articles. It therefore must be construed as testamentary in character and not as a gift inter vivos. It is also evident that it was not a gift causa mortis, for the reason that it does not indicate a constructive delivery in praesenti, and for the further reason that it is not shown to have been executed at a time when the donor was in expectation of death. Being ambulatory and testamentary in character, the paper must be treated as a will, and is ineffective for any purpose unless and until probated. Dickerson v. Snyder, 209 Ky. 212, 272 S. W. 384; Drake v. Securtiy Trust Co., 203 Ky. 733, 263 S. W. 4; Nolen v. Wilson's Adm'r, 211 Ky. 156, 277 S. W. 315; 28 C. J. 856; 12 R. C. L. subject, Gifts, secs. 12, 13, 14, 34, 36; 20 Cyc. 1196; Taylor v. Purdy, 151 Ky. 82, 151 S. W. 45.

The Purdy case while relied on by the plaintiff in no wise militates against the above rule, because delivery of a deed passes title to realty, and the deed there involved was construed as taking effect immediately. It follows that plaintiff is not entitled to an appeal. This suit was against the heirs at law, and will not bar a suit against the personal representatives of the testator, hence we do

not express an opinion as to the right of probate of the instrument in question.

Wherefore the appeal is denied, and judgment affirmed.