## Vaughn et al. v. Metcalf.

(Decided June 24, 1938.)

380

H. C. CLAY & SONS for appellant.

A. T. W. MANNING for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Hugh Martin Metcalf sued Levi Vaughn and Mae
Vaughn his wife, to recover possession of a tract of
land containing about 120 acres. He was successful
and Mr. and Mrs. Vaughn have appealed.

Hugh Martin Metcalf claimed this land under the
following deed made by John T. Doughty, shortly be-
fore his death:

"This indenture made and entered into this
4th day of October 1897, by and between John T.
Doughty and Mary Doughty, his wife, of Laurel
County, Ky., of the first part, and Rosa Doughty
of the aforesaid County and State of the second
part.

"Witnesseth; that the said parties of the first
part for and in consideration of One Dollar in hand
paid, the receipt of which is hereby acknowledged
and the love and affection we have for our daugh-
ter, Rosa Doughty, who is now and for many years
has been afflicted with weak eyes from granulated
eyelids and Hugh Martin Metcalf, our grand child
(shall) have been an equal share in said land with
the child or children of Rosa Doughty in the event
she have a child or children, and if not that at her
death he succeed to all right and title she may have
in or to said land at that time, do hereby sell, grant
and convey to the party of the second part her
heirs and assigns with Hugh Martin Metcalf as
heir of Rosa Doughty as far as this conveyance is
concerned the following tract or parcel of land, 120
acres 2 rods and 20 poles of land in Laurel County,
Ky. on the waters of Raccoon Creek together with
all farming implements on the farm including the
mowing machine and bounded as follows:" (We
omit the description.)

"To have and to hold the same with all the

appurtenances thereunto belonging to the second party, his (her) heirs including Hugh Martin Metcalf as an heir, and assigns forever, with covenant of General Warranty. With the further condition that we the parties of the first part reserve the right to use, control and occupy said land so long as we or either of us may live, also the right for the adult parties mentioned in this deed to sell and convey said land and reinvest the proceeds in other lands on the same terms herein mentioned.

"Witness our hands this day and year first above written.

"John T. Doughty.

"Acknowledged by John T. Doughty, Nov. 26, 1897. Recorded Nov. 27, 1897."

The grantor's wife, Mary Doughty, did not sign this deed and after her husband's death, she as his widow occupied these premises as life tenant until her death on February 20th, 1936.

Mr. and Mrs. Vaughn filed three paragraphs of answer. In the first paragraph they asserted title to this land under a deed made to them by the sheriff on April 12th, 1929, pursuant to their purchase of it at a sale in 1927 for the taxes that had been assessed against it. In the second paragraph of their answer they assert that if they be mistaken as to their rights under the first paragraph that they are then entitled to a lien upon it for the taxes they paid thereon for the years 1927 to 1935, inclusive, which with penalties, interest, etc., they alleged amounted to $263.23.

In the third paragraph of their answer they assert the above deed did not vest any title in Hugh Martin Metcalf; that the paper called a deed was testamentary in its nature; was not executed with the formality required by the statute for the execution of a will; that it was void, and that the title to this property passed under the statute of descent and distribution (section 1393 Kentucky Statutes) to the legal heirs of John T. Doughty, who are shown by the following table in which the names of those who are dead are given in italics and beneath such names there is given the date of such deaths and immediately following such italicized names there is given the names of the children if any of such decedent, who survived as heirs at law.

John T. Doughty 1897 {
  Fannie D. Metcalf — Died years ago {
    William Metcalf
    Charles Metcalf....Edward Metcalf 1926
    Mae M. Vaughn
    Ella M. Ledford. 1909 { Charles Ledford / Sallie Patterson
    Hugh Martin Metcalf
  Rosa Doughty Moren 1926 }
}

The trial court sustained a demurrer to the first and third paragraphs of this answer. The plaintiff Hugh Martin Metcalf had offered to confess judgment for $31.03 in full of the recovery for taxes sought by Mr. and Mrs. Vaughn in the second paragraph of their answer, which $31.03 they had refused and he had paid that money into court and this the court adjudged to Mr. and Mrs. Vaughn as theirs and in full of their recovery. Mr. and Mrs. Vaughn had also asserted a claim for rents of this property which the court dismissed.

## Deed or Will.

Our first problem is to determine just what this paper dated October 4th, 1897, really is. The appellants contend, that while it is in form a deed it is in reality a will and they cite and rely upon the case of Ison v. Halcomb, 136 Ky. 523, 124 S. W. 813. In holding that instrument to be testamentary in character, we said (page 814):

> "The operation of the deed is wholly contingent upon his having the property at his death. It therefore passed at its delivery no interest in any property he then owned, and would be operative in no way until his death. It was therefore testamentary in character, and of no validity unless probated as a will."

They rely upon the case of Stamper v. Lunsford, 185 Ky. 558, 215 S. W. 297, and in holding that paper to be testamentary in character, we said (page 298):

> "It passes no present interest."

They also rely upon the case of Todd v. Williams' Adm'x, 264 Ky. 788, 95 S. W. (2d) 593, and in holding that paper to be testamentary, we quoted from the paper and then said (page 596):

> "Clearly the import of these words can only be * * * to convey to the plaintiffs, * * * all such personal property, unsold land and rents * * * at the time of the grantor's death, * * * and then only

does the writing provide the property is to * * * become theirs. * * * It is expressly stated that he * * * conveys them all such personal property and unpaid rents, not as he then has, but only such as he might have or own at the time of his death.''

The general rule for the construction of such papers is thus stated in 18 C. J. p. 149, section 6:

"If the instrument passes a present interest, although the right to its possession and enjoyment may not occur until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will or testamentary paper. The question is to be determined by the intention of the parties derived from the whole instrument."

See, also, 68 C. J. p. 613, section 235. In Collier v. Carter, 146 La. 476, 91 S. E. 551, 11 A. L. R. page 1 et seq., there are six reported cases involving this question (deed or will) and following them and beginning on page 23 of that volume, there is an 83 page note upon this question. In Nalley v. First Nat. Bank of Medford, 135 Or. 409, 293 P. 721, 296 P. 61, 76 A. L. R. page 625, there is a case involving this question and it is followed by a 17 page note.

From these authorities and this paper itself, it is made absolutely certain and we now hold that this is a deed for the reason that it at once created and vested in John T. Doughty's grantees certain, definite interests in this property, as we shall show. When we examine this deed, it will be observed that in the latter part of it, the grantor John T. Doughty, made the following reservation:

"Also the right for the adult parties mentioned in this deed to sell and convey said land and reinvest the proceeds in other lands on the same terms herein mentioned."

This power to change this investment has never been exercised, the parties who had this power are now dead, this investment was never changed, hence this power can now be disregarded. See Slayden v. Hardin, 257 Ky. 685, 79 S. W. (2d) 11.

It will also be noted that John T. Doughty reserved to himself and his wife, "the right to use, control and occupy said land so long as we or either of us

may live." Such reservation merely postponed the time when Hugh Martin Metcalf should come into the enjoyment of what had been granted him by earlier parts of the deed. It will also be noted that the grantor intended and stated in this deed that Rosa Doughty, later Rosa Moren, should have a life estate in this land. But, by the terms of the deed, her life estate was not to vest in enjoyment until after the termination of the life esates reserved by John T. Doughty for himself and his wife, Mary Doughty. As it turned out, Mrs. Moren did not live to enjoy her life estate as she died before Mary Doughty. It will further be noted that by this instrument the remainder interest in this property after the termination of these life estates of John T. Doughty, his wife Mary Doughty, his daughter Rosa Moren, is given to Hugh Martin Metcalf and any child or children Rosa Doughty (Mrs. Moren) might have. Mrs. Moren died childless and thus the title to this farm is now vested in enjoyment in Hugh Martin Metcalf. It has been vested in ownership in him subject to these life estates since the day this deed was signed and delivered, but his enjoyment of it has been postponed by this deed until after the termination of the life estates mentioned.

It is urged that John T. Doughty could not by a deed make Hugh Martin Metcalf an heir of Rosa Doughty (later Mrs. Moren) and it is argued there are but two processes by which one may become the heir of another. One, the natural process by which a person is born an heir and the other the statutory process provided by section 2071 et seq., Kentucky Statutes, by which one may be adopted as an heir. But this language that was used by John T. Doughty is not to be given such a strained construction. His evident intention was to provide that Hugh Martin Metcalf was to receive in enjoyment this property after the death of these life tenants, as remainderman, and the use of the word "heir" was for that purpose.

The language John T. Doughty used is awkward but it aptly indicated his intention and conveyed such remainder then to Hugh Martin Metcalf.

Cases throwing light upon this question of whether this was a deed or a will, are: Rawlings v. McRoberts, 95 Ky. 346, 25 S. W. 601, 15 Ky. Law Rep. 771; Jacoby v. Nichols, 62 S. W. 734, 23 Ky. Law Rep. 205; For-

wood v. Forwood, 67 S. W. 842, 24 Ky. Law Rep. 18; Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 26 Ky. Law Rep. 973, 68 L. R. A. 180, 7 Ann. Cas. 788; Ecklar's Adm'r v. Robinson, 96 S. W. 845, 29 Ky. Law Rep. 1038; Wood v. Moss, 176 Ky. 419, 195 S. W. 1077; Snyder v. General Conference Bd. of Educ. of Methodist Episcopal Church South, 205 Ky. 812, 266 S. W. 661; Campbell v. Campbell, 207 Ky. 17, 268 S. W. 588; Parker v. Archibald, 212 Ky. 567, 279 S. W. 979.

After the death of John T. Doughty, his widow, Mary Doughty, as owner of a life estate in this property, listed it for taxation, and paid the taxes thereon until 1925. She did not pay the taxes levied on that assessment in the year 1926, and the property was sold for taxes on February 12th, 1927, and was bought by Mr. and Mrs. Vaughn. Mrs. Doughty did not redeem the property and on April 12th, 1929, the sheriff conveyed this property to Mr. and Mrs. Vaughn. See Deed Book 73, page 226.

By section 4052 of the Kentucky Statutes, it was the duty of Mrs. Doughty as life tenant in possession of said property to list it for taxation and to pay the taxes thereon and that applies to all taxes even those levied for street improvements. See Nevin v. Allen, 26 S. W. 180, 15 Ky. Law Rep. 836; Thomas v. Thomas' Guardian, 244 Ky. 724, 51 S. W. (2d) 949; Delker v. Owensboro, 98 S. W. 1031, 90 Ky. Law Rep. 440. All that could be sold primarily to satisfy these taxes was Mary Doughty's life estate. This is all that the Vaughns acquired by their purchase. Youngblood v. Dempewolf, 242 Ky. 133, 45 S. W. (2d) 1048; Ellis v. Hite, 10 Ky. Opin. 475; May v. Chesapeake & O. R. Co., 184 Ky. 493, 495, 212 S. W. 131. Thereafter it was the duty of Mr. and Mrs. Vaughn to list this property and pay the taxes and they are entitled to no credit for having done what the statutes made it their duty to do.

It seems that Hugh Martin Metcalf thought he would have to repay the Vaughns the $31.03 they had paid out and as he is not complaining of that, we will not disturb the court's judgment awarding the Vaughns the $31.03 he paid into court.

The court did not err in sustaining a demurrer to the first paragraph to this answer and counterclaim in which the Vaughns asserted ownership of this land because of the taxes they had paid upon it, at this tax

sale and thereafter, for as the owners of Mrs. Doughty's life estate it was their duty to list this land for taxation and to pay the taxes.

In the third paragraph of their answer and counterclaim Mr. and Mrs. Vaughn assert that this paper dated October 4, 1897 was not a deed, but was a will and since it was not executed with the formalities required for the execution of a will, that it was void, and that the title to this property upon the death of John T. Doughty vested in his heirs at law. We have already stated that this was a deed and not a will, hence the court properly sustained a demurrer to this paragraph of their answer. Also to their claims of rents. Finding no error in the court's judgment it is affirmed.

The whole court sitting.