## Douglas et al. v. Snow et al.

May 23, 1947.

William J. Baxter, Judge.

806

H. O. Porter and John B. Bayer, Jr. for appellants.

George C. Robbins and Warfield Z. Miller for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This appeal is from a judgment construing a deed and adjudging that appellees can convey to the principal appellant, A. H. Douglas, a good and merchantable title to certain real estate located in Madison County.

On March 27, 1924, Henry C. James and his wife attempted to convey four parcels of real estate to their four daughters, who were specifically named in the deed and who are appellees herein.

The pertinent provisions of this deed (certain clauses of which we have italicized for emphasis) are as follows:

"That the parties of the first part for and in consideration of the parental love and affection they have

and bear for their children aforesaid, and for the further consideration of One Dollar, cash in hand paid by each of said children, the receipt whereof is hereby acknowledged, do hereby sell, grant and convey jointly to the parties of the second part, their respective heirs and assigns, *subject to the conditions and stipulations hereinafter set out,* the following four described parcels of real estate property (description):

\*       \*       \*       \*       \*       \*

"The parties of the first part reserve to themselves jointly a life interest in all and each parcel of the property hereby conveyed with life interest to the longest liver of said parties of the first part, *and at his or her death the title to said property to vest in fee simple jointly in the parties of the second part,* viz, the four children hereinbefore named, and in the event either of said children die without bodily issue, her interest in said property shall pass to the survivors of the grantees herein.

\*       \*       \*       \*       \*       \*

"The parties of the first part, vendors herein, jointly *reserve to themselves the right and authority to sell and convey in fee simple either or all of the parcels of property aforesaid and free from all or any of the stipulations or conditions or restrictions imposed by this conveyance,* but the exercise of this right of sale or conveyance in relation to either of said parcels shall not effect the title in remainder to the other parcels hereinbefore set out and hereby conveyed.

\*       \*       \*       \*       \*       \*

"The delivery of this deed to the aforesaid Frances E. Douglas shall be taken as delivery to and acceptance by, for and on account of all the grantees herein; and *the said grantees or either of them shall not have the right under this conveyance to sell or dispose of any of her or their rights in or to said property in remainder until after the termination of the life estates hereinbefore reserved.*

\*       \*       \*       \*       \*       \*

"To have and to hold the aforesaid property unto the said Henry Mae Snow, and Frances E. Douglas, and Virginia Tevis James, and Roberta James, jointly, and

their respective heirs and assigns, as coparceners, in equal shares, in manner and form as aforesaid, subject to the estates for life jointly of the first parties and the estate for life to the survivor thereof, *to the intent that on the extinguishment of said life estates the aforesaid property shall pass in fee simple, with all the appurtenances thereon, respectively, to the second parties,* and their respective heirs and assigns, forever, with covenant of General Warranty.''

The grantors in the above deed died in 1934. On January 1, 1946, the four daughters of said grantors (all being adults) entered into a written contract to sell one of the parcels conveyed therein to appellant, A. H. Douglas. Thereafter a deed was tendered to said Douglas, but he refused to accept same on the ground that the children of Henry James and his wife did not have a clear title to the property, and that the grandchildren of Henry James and his wife (who are parties to this action) have a possible interest in remainder.

Suit was filed by the four grantees asking construction of the deed purporting to convey the property to them. Subsequently an amended petition was filed wherein it was alleged that Henry James and wife both died intestate and that their four daughters are their only heirs by law. Consequently, if the deed from which we have quoted above is ineffective as such, then these children would still have a fee-simple title by inheritance.

The Court below overruled demurrers to the petition as amended, and entered a judgment to the effect that the four children, with their husbands, could pass a good and merchantable title to the property involved in this action.

It will be seen from what has been said above that the daughters of Henry James and wife have a good title to the property which they proposed to convey to A. H. Douglas, unless it is determined that by virtue of the aforementioned deed the grantors' grandchildren have an interest in this real estate.

We have reached the conclusion that on either of two grounds appellees have a clear title to the property involved, and that the children of appellees have no interest therein under the deed above mentioned, or otherwise.

1. It is a fundamental rule that a valid deed must pass a present interest in the property conveyed to the grantees. It is not necessary that the right to possession or the enjoyment of the premises must pass with the conveyance, but it is essential that the grantees acquire at the time of the conveyance some legally recognizable right in and to the property.

As stated in Taylor v. Purdy et al., 151 Ky. 82, at page 85, 151 S. W. 45, at page 46: "The rule is that, if the instrument has no present operation, if it intended to vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument, and good only if made and proved as a will. Rawlings v. McRoberts, 95 Ky. (346), 350, 25 S. W. 601, 15 Ky. Law Rep. 771; Basket v. Hassell, 107 U. S. 602, 2 S. Ct. 415, 27 L. Ed. 500."

In Stamper, Jr., v. Lunsford et al., 185 Ky. 558, 215 S. W. 297, an instrument entitled an "Indenture" was held not to constitute a deed because, among other things, "it passes no present interest." (185 Ky. at page 560, 215 S. W. at page 298).

Turning back to the quoted portions of the James deed, it is apparent that the grantors did not convey, and did not intend to convey to the grantees, any present interest in the real estate described therein. The grantors not only retained a life estate in the property, but they also reserved the right and authority to sell and convey same free of the stipulations, conditions, or restrictions in the deed. In addition, the deed specifically provided that the grantees should have no right to sell or dispose of their rights in or to the property until after the termination of the life estates. The habendum clause of the deed (the last one hereinbefore quoted) made clear the intention of the grantors that title was to pass only on the extinguishment of the life estates. Thus the instrument was testamentary in character and was not effective as a deed.

In Ison, etc., v. Halcomb, 136 Ky. 523, 124 S. W. 813, 814, this Court construed a purported deed which attempted to convey "All the real and personal estate that I shall own at my decease * * *." As stated in the opinion, 136 Ky. at page 526, 124 S. W. at page 814: "Nothing that the grantor owned at the time the deed

was made passed under the deed. All the property that he then had remained his, and subject to his disposition, just as it was before. The only thing that the deed operates upon is the real and personal property which he shall own at his death, and this is to pass to such vendees as shall then be living. If this paper was delivered to the vendees, they took no interest upon its delivery in any property then owned by the maker. The operation of the deed is wholly contingent upon his having the property at his death. It therefore passed at its delivery no interest in any property he then owned, and would be operative in no way until his death. It was therefore testamentary in character, and of no validity unless probated as a will."

Since the instrument we are construing passed no present interest in the grantors' property and since it was not properly executed as a will, it was ineffective to transfer title.

Appellants rely on Vaughn et al. v. Metcalf, 274 Ky. 379, 118 S. W. 2d 727. The provision in the deed construed, which is important here, is as follows, 274 Ky. at page 382, 118 S. W. 2d at page 728: "With the further condition that we the parties of the first part reserve the right to use, control and occupy said land so long as we or either of us may live, also the right for the adult parties mentioned in this deed to sell and convey said land and reinvest the proceeds in other lands on the same terms herein mentioned."

While the above language is similar to that used in the deed which we have under consideration, there is an obvious and controlling distinction. The grantors, while having a right to sell and convey the property deeded, were required by its very terms to reinvest the proceeds in other lands. Thus the grantees at all times had a present interest in either the property conveyed or other property which might be substituted therefor. In the present case the grantors were under no duty to reinvest the proceeds of any sale they might make. They maintained absolute dominion over the property until the death of the survivor, and the grantees had no present rights or interests therein. Since the purported deed was ineffective as a conveyance, the four children of Henry James and wife took title by inheritance.

2. If we were to assume that this purported deed did vest present interests, the four grantees acquired such title as passed, and since they all survived the grantors, their children never became vested with any rights in the property.

The deed provided that title in fee simple should vest jointly in the four grantees, provided that if any of the grantees should die without bodily issue her interest should pass to the survivors of the grantees (second provision of the deed above quoted). The intention of the grantors, it appears plainly evident, was that the children of the grantees were to have no interest in the property unless their parent (one of the grantees) was dead at the time of the death of the surviving grantor.

We are familiar with the provisions of KRS Section 381.080 to the effect that where a limitation is contingent upon a person dying "without issue," or words of like import, the limitation shall be construed to take effect when the parent dies, and not when some other person mentioned in the instrument dies. Such construction shall be given a deed "Unless a different purpose is plainly expressed in the instrument * * *."

Construing this deed in its entirety, it is apparent that a different purpose is plainly expressed, and the "bodily issue" of the grantees were to have no interest in the property if their parents (the grantees) were living at the time of the death of the surviving grantor. Since all grantees were living at such time, their children now have no rights affecting the title even if the instrument was effective as a deed.

For the two reasons hereinabove discussed we have concluded that appellees can pass a good and merchantable title to appellant Douglas, and the judgment of the Madison Circuit Court is affirmed.