## BRENNENSTUHL et al. v. SCHARFENBERGER et al.

Court of Appeals of Kentucky.

June 12, 1953.

Ben Turpen, Cincinnati, Ohio and C. Harold Ewing, Falmouth, for appellant.

H. B. Best, Falmouth, for appellee.

WADDILL, Commissioner.

Appellees are the heirs at law of Fred Scharfenberger who brought this suit to quiet title and for sale of 22 acres of land in Pendleton County. The Chancellor entered judgment quieting title in appellees and ordered a sale of the land.

The 22 acres forming the subject matter of this controversy are referred to as the Drake property, having been purchased by Fred Scharfenberger in 1918 from one J. E. Drake. Appellant, Brennenstuhl, contends that Fred Scharfenberger's wife, Lizzie, obtained title to the Drake property by virtue of a clause contained in a prior deed of

a different tract of real property, executed in 1912, from Fred Scharfenberger to his wife. The clause is as follows:

"The above two surveys carries with them all personal property, cash, bonds or any other property I may have at my death."

Appellants' contention is that the Drake property passed to Lizzie Scharfenberger through the operation of this clause either as a conveyance of a present interest or as a testamentary devise. Appellant, Brennenstuhl, is Lizzie Scharfenberger's devisee, and is entitled to whatever interest in the Drake property that she was capable of devising to him.

In Douglas v. Snow, 304 Ky. 805, 202 S. W.2d 629, 630, we said:

"It is a fundamental rule that a valid deed must pass a present interest in the property conveyed to the grantees. It is not necessary that the right to possession or the enjoyment of the premises must pass with the conveyance, but it is essential that the grantees acquire at the time of the conveyance some legally recognizable right in and to the property.

"As stated in Taylor v. Purdy, 151 Ky. 82, at page 85, 151 S.W. 45, at page 46: 'The rule is that, if the instrument has no present operation, if it intended to vest no present interest, but only appoints what is to be done after the death of the maker, it is a testamentary instrument, and good only if made and proved as a will.' "

It is evident that the only possible way in which the clause quoted above could vest title to any property in Lizzie Scharfenberger would be as a testamentary disposition. Before it could operate in this manner it would be necessary to admit this portion of the deed to probate as a will. This was not done and could not be done as the 1912 deed lacked the formality of execution required by law of a testamentary instrument. KRS 394.040.

We therefore conclude that the clause upon which appellants rely is without validity either as a deed or as a will.

Appellants also argue that appellees' petition is defective in that they failed to plead that they were in possession of the land in controversy. Appellants assert that possession is a necessary prerequisite to an action to quiet title. However, as we pointed out in Williams v. Thomas, 285 Ky. 776, 149 S.W.2d 525, an action to quiet title may be maintained by the owner of land not in possession when an effort is made by the defendant to seize and fraudulently appropriate the very title under which the plaintiff claims. Such is the case here.

Nor do we find merit in appellants' claim that appellees have been guilty of laches.

The judgment is affirmed.