**Elmer WITHERSPOON et al., Appellants,**

**v.**

**Evelyn Jaggers WITHERSPOON, Executrix, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

As Modified on Denial of Rehearing May 13, 1966.

Terry L. Hatchett, Glasgow, for appellants.

Davis Williams, Munfordville, for appellees.

CULLEN, Commissioner.

In this action by the executrix of the will of Edd Witherspoon, deceased, against his children (creditors also were made parties), it was adjudged that a deed executed

by Witherspoon many years before his death (and before his final marriage), purporting to convey certain land to his children, did not convey any present interest, was testamentary in character, and was void because not executed with the formalities required of a will. The judgment decreed that the land was part of the decedent's estate and therefore was subject to dower rights of the widow (who had renounced the will) and to claims of creditors. The children have appealed.

The granting clause of the deed contained these words:

"* * * it being fully understood and agreed by the parties hereto that title to said land shall not pass until the death of the party of the first part and that he, the said party of the first part, reserves full control thereof, the right to live upon same, to mortgage, sell and convey the same, during his life time, but in the event title is vested in the party of the first part at his death, then the title shall pass to the parties of the second part * * *."

The habendum clause recited that the second parties were to have and to hold:

"* * * upon the death of the party of the first part if he is in possession of same at said time; * * *."

■ At the outset we can eliminate any argument that the use of the terms "title * * * shall not pass until the death of the party of the first part," or "at his death, then the title shall pass," or "have and to hold * * * upon the death of the party of the first part," necessarily makes the instrument testamentary. The quoted terms may be considered as showing the intent to postpone only possession and enjoyment rather than to postpone the passing of any property interest. See Barnett v. Barnett, 283 Ky. 710, 142 S.W.2d 975; Phillips v. Thomas Lumber Co., 94 Ky. 445, 22 S.W. 652. The grantor has not said that the *instrument* shall not become effective until his death, but only that "title" (that is, pos-

session and enjoyment) shall not pass until then.

It is generally stated to be the law that if a deed presently passes an interest it is not testamentary. See Douglas v. Snow, 304 Ky. 805, 202 S.W.2d 629; Spicer v. Spicer, 314 Ky. 560, 236 S.W.2d 474; 23 Am.Jur.2d, Deeds, sec. 176, p. 221. However, as shall be shown, some of the rulings of the courts seem to have been predicated on the view (not forthrightly expressed) that the interest passing by the deed must be one of some certainty of realization—not one that merely is legally recognized as a transmissible interest.

■ It is well settled that a deed conveying title to the grantee, subject only to the reservation of a life estate in the grantor, presently passes an interest. See Franklin Real Estate Co. v. Music, Ky., 392 S.W. 2d 66; 23 Am.Jur.2d, Deeds, sec. 187, pp. 232, 233. The deed here in issue differs only in that it reserves to the grantor the power to dispose of the property to another by inter vivos sale and thus to wipe out the interest conveyed to the grantees. It would not seem that the mere existence of this reservation could, of itself, preclude the deed from having the effect of passing a present interest; rather, it would seem that the reservation is of the right, by a subsequent instrument of conveyance, to *take away* the interest that passed. But we are confronted with the opinion in Douglas v. Snow, 304 Ky. 805, 202 S.W.2d 629, holding that a deed reserving in the grantor a life estate plus the right to dispose of the full title by inter vivos sale *does not presently pass an interest*. A few decisions of other jurisdictions have taken a similar view. See 23 Am.Jur.2d, Deeds, sec. 188, pp. 234, 235; Annotations, 11 A.L.R. 23 @ 99; 76 A.L.R. 636 @ 653; 31 A.L.R.2d 532 @ 595.

We think that the foregoing decisions are incorrect. The grantor has divested himself of part of his ownership and the grantee has acquired an interest of which he can be deprived only by the execution of a sub-

sequent instrument of conveyance by the grantor. Whether the grantee's interest is denominated a contingent remainder or an executory interest in the nature of a springing use is we think immaterial. See American Law of Property, Vol. 1, sec. 4.56, pp. 501 to 503; The Law of Future Interests, Simes and Smith, sec. 223, pp. 250 to 255; Restatement of the Law of Property, sec. 46.

Clearly, the mere reservation of a power of sale, and probably the reservation even of a power of absolute revocation by deed or will, will not alone render a deed ineffective as such or require it to be regarded as a will. See Ricketts v. Louisville, St. L. & T. Ry. Co., 91 Ky. 221, 15 S.W. 182; 23 Am.Jur.2d, Deeds, sec. 188, pp. 234, 235; Annotations, 11 A.L.R. 23 @ 78; 76 A.L.R. 636 @ 648; 31 A.L.R.2d 579. We think that the correct view is that these reservations are to be considered only as part of the circumstances in undertaking to determine whether the grantor *intended* an interest to pass presently; they are merely features to consider and are not automatically determinative of the status of the instrument. See 23 Am.Jur.2d, Deeds, sec. 188, pp. 234, 235.

We think that Douglas v. Snow, 304 Ky. 805, 202 S.W.2d 629, although in terms saying that a deed reserving to the grantor a life estate plus power of inter vivos sale does not presently pass an interest, represents actually the feeling of the court at that time that future interests with such uncertainty of realization really should not count in applying the rule that a deed must presently pass an interest in order to be valid. We see no valid reason why a deed must pass an indefeasible interest in order to avoid being treated as testamentary.

Douglas v. Snow hereby is overruled.

Applying the "polar star" rule to the deed here in issue, we find clear indications of the intent presently to pass an interest. The trend of modern decisions is to uphold instruments of this kind as valid deeds. 23 Am.Jur.2d, Deeds, sec. 179, p. 224. We think the instrument here is valid as a deed.

The judgment is reversed with directions to enter judgment declaring valid the deed in issue.