Joe Hobson, Prestonsburg, for appellants.

Earl R. Cooper, Salyersville, for appellees.

**Nola A. DEWEESE et al., Appellants,**

**v.**

**Edna Cornett ARNETT et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1966.

CULLEN, Commissioner.

Appellants, children of Dean Arnett, deceased, by his second wife, brought this action seeking a declaration of invalidity of a deed executed by Arnett in 1914 to his first wife, long since deceased, and to his children by her (the appellees). The grounds of attack were that the deed had never been delivered and that even if delivered it was testamentary in character and not valid because not executed with the formalities required of a will. The circuit court entered judgment holding the deed valid, from which judgment we have this appeal.

 There was positive testimony that the deed was delivered to one of the grantees (a daughter) in 1918, after the death of Arnett's first wife. As against this there was only an inference of nonde-

livery arising from testimony that on a day in 1921 the daughter secretly removed the deed from her father's trunk and caused the deed to be recorded, this being the day after the father had secured a license to marry his second wife. The trial court was entitled to believe the positive testimony of delivery. The finding that the deed was delivered therefore is not erroneous.

The deed, which contained the customary formal recitations and clauses of a warranty deed and which purported to convey a specifically described tract of land, had the following special provision:

"The object and intention of this deed is, that Dean Arnett party of the first part, being in bad health and desiring to make the proper provision for his wife and children and himself, while of sound mind, but not to have the force and effect of a will, herein sets forth my wish, that first party is to have absolutely full and unrestricted control of all the aforesaid property during his natural life, then the aforesaid property is to be equally divided between his wife and three children aforementioned, thence should all or any of my said three children survive my wife then in that event they or either of them living is to have all the said estate, equally as the case may be, but should my wife, Georgian Arnett survive myself and all my three children, then the said property becomes hers absolutely in fee simple, as if by inheritance or descent."

The appellants maintain that by virtue of this special provision, particularly the reservation by the grantor of "full and unrestricted control," the deed must be considered to have conveyed no present interest and therefore to be testamentary in character. Reliance is placed on Ison v. Halcomb, 136 Ky. 523, 124 S.W. 813, and Douglas v. Snow, 304 Ky. 805, 202 S.W.2d 629.

Ison v. Halcomb is not applicable because there the deed did not describe or undertake to convey any specific piece of property, but sought to convey in bulk all property that the grantor might own at the time of his death. The grantor clearly did not intend to pass any interest in any specific piece of property he owned at the time of the deed.

Douglas v. Snow has been overruled in Witherspoon v. Witherspoon, Ky., 402 S.W. 2d 699 (decided October 15, 1965, petition for rehearing overruled May 13, 1966). The opinion in the latter case sets forth what we consider to be the correct principles applicable to cases of the kind here presented, and under that opinion the judgment in the instant case is correct in holding the deed valid.

The judgment is affirmed.